MARGARET RUTLEDGE, EMPLOYEE, PLAINTIFF v. TULTEX CORP./KINGS YARN, EMPLOYER AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8110IC547

(Filed 16 March 1982)

1. **Master and Servant § 68 — no occupational disease — finding supported by evidence**

In a workers' compensation proceeding, findings of the Commission which stated that exposure to cotton dust at defendant's plant did not cause or

significantly contribute to plaintiff's pulmonary disease were supported by medical evidence.

2. **Master and Servant § 68— last employment contributing to rather than cause of occupational disease**

   The Commission erred in requiring a plaintiff to prove that her last employment was the cause of her occupational disease since G.S. 97-57 assesses liability to the employer in whose employment the employee was last injuriously exposed, however minimal the exposure, to the hazards of the occupational disease.

3. **Master and Servant § 68— workers' compensation—evidence failed to establish occupational disease**

   In light of *Walston v. Burlington Industries*, 304 NC 670 (1982), in which the evidence was similar to the evidence in this workers' compensation proceeding, the medical evidence presented did not establish that plaintiff had an occupational disease even though the evidence would have supported either a finding of no causation or a finding of aggravation or acceleration of a pre-existing condition.

APPEAL by plaintiff from the Opinion and Award of the North Carolina Industrial Commission entered 19 January 1981. Heard in the Court of Appeals 28 January 1982.

This action involves a claim by plaintiff for disability benefits under the Workers' Compensation Act for work-related respiratory disease. Defendant Tultex Corporation (Kings Yarn) and its insurance carrier denied the claim. Upon the filing of the claim, plaintiff was referred by the Commission to Dr. Charles D. Williams, Jr., in Charlotte. Dr. Williams is a specialist in pulmonary disease and a member of the Industrial Commission's Textile Occupational Disease Panel.

At a hearing before Deputy Commissioner Denson in Rockingham, plaintiff testified that she was born on 8 August 1935. After finishing the tenth grade, plaintiff began working in textile mills. She worked in four different mills between 1953 and 1979, her last employment being twenty-three months as a winder for defendant-employer. Plaintiff testified that she was continually exposed to cotton dust in the air at her various jobs. Plaintiff testified that she had never had any kind of breathing problem before she began working in textile mills. Her breathing and coughing difficulties began about 1971. As her symptoms worsened, she sought medical treatment frequently. She had recurring attacks of pneumonia and bronchitis. Plaintiff testified that she

started smoking cigarettes at age 15 and smoked a pack of cigarettes a day until she quit in February of 1979. On her doctor's advice, she quit working at defendant's mill in January 1979 due to her breathing problems.

Defendant-employer introduced evidence that its Rockingham plant was recently constructed and that operation of the plant began in 1973. The plant was relatively clear of cotton dust and lint; most of the material produced was synthetic, with only thirty percent cotton used in the total production.

In the medical report prepared by Dr. Williams, he diagnosed plaintiff's problems as follows:

> "The patient has definite chronic obstructive pulmonary disease representing a combination of pulmonary emphysema and chronic bronchitis. It is most likely that cigarette smoking and recurrent infection has [sic] played prominent roles in her pulmonary impairment. It is not possible to completely exclude cotton dust as playing some role in causing an irritative bronchitis but she does not give a classical history of byssinosis."

In his deposition Dr. Williams further stated that it was his opinion that plaintiff's exposure to cotton dust for over twenty-five years was "probably" a cause of her chronic obstructive lung disease, and that the impairment of her ability to perform labor was related to her pulmonary disease. He also stated that plaintiff's history of cigarette smoking was a cause of her illness, "after taking into consideration her exposure to cotton dust." It was his opinion that exposure to the working conditions at defendant-employer's plant would have had a minimal effect on plaintiff's condition, but that "exposure to any type of dust in someone with pre-existing chronic bronchitis could have some aggravating effect on the underlying condition." He believed that plaintiff's condition was caused by circumstances which existed prior to her employment with defendant. He stated that it is his opinion that textile workers are at a greater risk of contracting chronic obstructive lung disease than is the general public.

At the conclusion of the evidence, Deputy Commissioner Denson denied plaintiff's claim after making pertinent findings of fact and conclusions of law as follows:

"4. Although the various plants that plaintiff has worked in have had a lot of cotton dust and lint, defendant employer's premises, both in weaving and spinning, are relatively clean. The mill processed 50 percent cotton and occasionally blends of even lesser cotton. Although there was respirable cotton dust in the weave room, there was much less than there were in other premises.

5. In about 1969 or 1970, plaintiff noticed that she began developing a cough at work. In about 1971, she also began developing a shortness of breath and noticed that her cough was associated with her presence at work. Her shortness of breath became severe in December of 1976 and she has had various bouts with it since that time having to be out of work.

6. Plaintiff suffers from chronic obstructive pulminary [sic] disease having both an element of pulminary [sic] emphysema and chronic bronchitis. Cigarette smoking and recurrent infection have played prominent roles in the pulminary [sic] impairment. Cotton dust may aggravate it, but since plaintiff was showing her symptomatology in problems prior to her employment with defendant employer, exposure at defendant employer has neither caused nor significantally [sic] contributed to plaintiff's chronic obstructive pulminary [sic] disease.

7. Plaintiff is disabled, because of her pulminary [sic] impairment from all but sedentary type of work which must be in a clean environment because of her reaction to cotton dust and other such irritance. [sic]

8. Plaintiff has not contracted chronic obstructive lung disease as a result of any exposure while working with defendant employer.

\* \* \* \* \* \* \* \* \* \*

The foregoing findings of fact and conclusions of law engender the following additional

CONCLUSION OF LAW

1. Plaintiff has not contracted an occupational disease as a result of her exposure to cotton dust in her employment

with defendant employer and defendants do not owe plaintiff compensation therefor."

Plaintiff appealed to the Full Commission which on 19 January 1981 adopted as its own the Opinion and Award entered by Denson. One Commissioner dissented. Plaintiff thereupon appealed to this Court.

*Hassell & Hudson by Robin E. Hudson for plaintiff appellant.*

*Mason, Williamson, Etheridge and Moser by James W. Mason and Terry R. Garner for defendant appellees.*

CLARK, Judge.

Under the provisions of G.S. 97-86, the Industrial Commission is the fact-finding body and as such its findings of fact are conclusive on appeal if supported by competent evidence. Therefore, the scope of our review is limited to two questions of law: "(1) Whether or not there was any competent evidence before the Commission to support its findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decision." *Inscoe v. Industries, Inc.*, 292 N.C. 210, 216, 232 S.E. 2d 449, 452 (1977).

[1] In the present case, plaintiff excepts to Findings of Fact Nos. 6 and 8, which state that exposure to cotton dust at defendant-employer's plant did not cause or significantly contribute to plaintiff's pulmonary disease. The medical evidence presented tends to show that plaintiff suffers from pulmonary emphysema and chronic bronchitis, most likely caused by cigarette smoking and recurrent infection. Dr. Williams stated that plaintiff's exposure to cotton dust was "probably" a cause of her pulmonary disease, adding that she did not have a classical history of byssinosis. It was Dr. Williams' opinion that plaintiff's condition was caused by circumstances which existed prior to her employment by defendant-employer and that the effect of working conditions at the plant upon her health was minimal. Dr. Williams also stated that while removal of plaintiff from the mill environment might improve her coughing, it would not have any significant effect on the underlying chronic obstructive pulmonary disease. We therefore find sufficient medical evidence to support Findings of Fact Nos. 6 and 8.

Rutledge v. Tultex Corp.

[2] We agree, however, with plaintiff that the Commission erred in requiring plaintiff to prove that her last employment was the cause of her occupational disease. G.S. 97-57 assesses liability to the employer in whose employment the employee was last injuriously exposed, however minimal the exposure, to the hazards of the occupational disease. The evidence presented showed some aggravation of plaintiff's respiratory problems by her exposure to the working conditions at defendant-employer's mill. We find this error harmless as a matter of law, however, since we agree with the Commission's conclusion that plaintiff has not contracted an occupational disease and is therefore not entitled to Workers' Compensation benefits.

[3] In order to be compensable under the Workers' Compensation Act an injury or death must result from an accident arising out of and in the course of employment or an occupational disease. *Booker v. Medical Center*, 297 N.C. 458,.256 S.E. 2d 189 (1979). The issue presented here, of course, is whether plaintiff has an occupational disease. The three elements necessary to prove the existence of a compensable occupational disease are: "(1) the disease must be characteristic of a trade or occupation, (2) the disease is not an ordinary disease of life to which the public is equally exposed outside of the employment, and (3) there must be proof of causation, *i.e.*, proof of a causal connection between the disease and the employment." *Hansel v. Sherman Textiles*, 304 N.C. 44, 52, 283 S.E. 2d 101, 106 (1981); *Booker v. Medical Center*, *supra*.

We find the recent decision handed down by our Supreme Court in *Walston v. Burlington Industries*, 304 N.C. 670, 285 S.E. 2d 822 (1982), dispositive of the issues presented in the case *sub judice*. In *Walston* the plaintiff suffered from chronic bronchitis and pulmonary emphysema. The medical evidence indicated that plaintiff's exposure to cotton dust for thirty years in his employment could "possibly" have played a contributory role in the causation of his respiratory problems. The expert physician (again, Dr. Williams) stated that plaintiff's cigarette smoking would "most likely play a part in his pulmonary disability." Walston, like the plaintiff in the case *sub judice*, did not have a classical history of byssinosis.

The Supreme Court concluded:

"It thus appears that substantially all of the competent medical evidence tends to show that plaintiff suffers from several ordinary diseases of life to which the general public is equally exposed, none of which have been proven to be due to causes and conditions which are characteristic of and peculiar to any particular trade, occupation or employment and none of which have been aggravated or accelerated by an occupational disease. This is fatal to plaintiff's claim. G.S. 97-53(13); *Anderson v. Motor Co.*, 233 N.C. 372, 64 S.E. 2d 265 (1951)."

*Walston v. Burlington Industries, supra*, at 679, 285 S.E. 2d at 827.

In light of *Walston*, we do not believe that the medical evidence in the case here presented establishes that plaintiff has an occupational disease. It should be noted that we have also considered the decisions in *Hansel v. Sherman Textiles, supra; Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981); and *Wood v. Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979), including the dissenting opinion by Justice Exum in *Morrison* and his concurring opinion in *Hansel*. The differences of opinion support the conclusion that the problem is a difficult one.

We find the medical evidence in *Walston* and the case *sub judice* somewhat nebulous and confusing, and we believe that it would support either a finding of no causation or a finding of aggravation or acceleration of a pre-existing condition, which would justify a remand for further findings as in *Hansel*. But we find the evidence in *Walston* remarkably similar to the evidence in the case before us, and, therefore, we hold that this case is controlled by *Walston*.

For the reasons stated above, the Order and Award of the Industrial Commission is

Affirmed.

Judges ARNOLD and WHICHARD concur.