NADINE BEACH MOORE, As ADMINISTRATRIX OF THE ESTATE OF GWYN BEACH, PLAINTIFF/APPELLANT v. PIEDMONT PROCESSING COMPANY AND LUMBERMEN'S MUTUAL INSURANCE COMPANY, DEFENDANTS/APPELLEES

No. 8110IC572

(Filed 6 April 1982)

**Master and Servant § 68 — workers' compensation — occupational disease — denial of compensation proper**

The Industrial Commission's findings that decedent was not disabled as a result of an occupational disease were supported by the evidence and the findings supported the conclusion and award denying benefits. Further, the Commission was not bound to find from the evidence that plaintiff's bronchitis was caused by exposure to cotton dust and, even if bronchitis were an occupational disease, plaintiff had not proven that bronchitis due to cotton dust exposure caused decedent any calculable degree of disability.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and Award entered 19 February 1981. Heard in the Court of Appeals 3 February 1982.

Plaintiff sought Workers' Compensation benefits for the pulmonary disability of her decedent allegedly caused by ex-

posure to cotton dust. Commissioner Shuford entered an opinion and award denying the claim, and the full Industrial Commission affirmed. Plaintiff appealed.

*Gillespie & Lesesne, by Louis L. Lesesne, Jr., for plaintiff appellant.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Edward L. Eatman, Jr., for defendant appellees.*

WHICHARD, Judge.

The Industrial Commission concluded that plaintiff's decedent "did not suffer from disability as a result of an occupational disease within the meaning of the Workers' Compensation Act." We find that the findings of fact, which are supported by competent evidence, adequately support this conclusion; and we therefore affirm the denial of benefits.

The chief medical witness testified as follows: Decedent worked 48 years in cotton mills, smoked about one pack of cigarettes a day for forty years, and was totally disabled when he applied for benefits. The primary causes of decedent's disability were bronchitis and emphysema. (In his 1979 examination report the witness had listed his "first two impressions" as "1. pulmonary emphysema" and "2. chronic bronchitis.") Bronchitis is more commonly found among cotton mill workers than among members of the general public, but is not "peculiar to" cotton mill workers. It is impossible to distinguish the relative contributions of bronchitis and emphysema to decedent's disability. Exposure to cotton dust "probably" contributed to his disability, but cannot be said to have "caused" it. Smoking played a "large role" in his disability and "could or might" have caused either the bronchitis or the emphysema or both. The relative contributions of cotton dust and smoking to the bronchitis cannot be distinguished. Decedent had no classic history of "Monday morning" symptoms.

To obtain benefits plaintiff must show that (1) decedent suffered from an "occupational disease," that is, one "due to causes and conditions which are characteristic of and peculiar to a particular . . . occupation . . ., but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment," G.S. 97-53(13); and (2) this occupational disease

resulted in disability to work. *Morrison v. Burlington Industries*, 304 N.C. 1, 12, 282 S.E. 2d 458, 466-67 (1981).

Plaintiff assigns error to the following findings and conclusion of the commission:

### FINDINGS OF FACT

. . . .

6. . . . [The doctor's] primary diagnosis or impression was pulmonary emphysema . . . .

7. . . . There were no symptoms referable to the work environment . . . .

8. Deceased was not disabled as a result of an occupational disease within the meaning of the Workers' Compensation Act . . . .

9. The primary cause of deceased becoming disabled was the disease emphysema, which is not characteristic of or peculiar to the textile industry. The primary cause of deceased's emphysema was the almost "40 pack years" of cigarette smoking.

\*     \*     \*     \*     \*     \*     \*

. . .

### CONCLUSIONS OF LAW

1. Deceased . . . did not suffer from disability as a result of an occupational disease within the meaning of the Workers' Compensation Act.

The findings of fact made by the Commission are conclusive on appeal if supported by competent evidence in the record. *Walston v. Burlington Industries*, --- N.C. ---, ---, 285 S.E. 2d 822, 827 (1982) (as corrected by N.C. Supreme Court order No. 116A81, filed 8 March 1982); *Morrison v. Burlington, Inc.*, 304 N.C. 1, 6, 282 S.E. 2d 458, 463 (1981). The conclusions of the commission will not be disturbed if justified by the findings of fact. *Inscoe v. Industries, Inc.*, 292 N.C. 210, 216, 232 S.E. 2d 449, 452 (1977); *Rutledge v. Tultex Corp.*, --- N.C. App. ---, --- S.E. 2d --- (filed 16 March 1982).

We hold that the Commission's findings are adequately supported by the medical testimony, and that the findings support the conclusion and award denying benefits.

The Commission made no findings regarding bronchitis. Plaintiff argues that under *Hansel v. Sherman Textiles,* 304 N.C. 44, 283 S.E. 2d 101 (1981), "this case [must] be remanded to the Industrial Commission for further findings as to the role of other diseases in causing decedent's disability, particularly with respect to the disease of chronic bronchitis." A remand was necessitated in *Hansel* because our Supreme Court was "unable to say that the findings justify the Commission's conclusion as to causation and its award" since "the medical evidence in the record [was] not sufficiently definite . . . to permit effective appellate review." *Hansel,* 304 N.C. at 50-51, 283 S.E. 2d at 105. The chief medical witness' testimony here was "sufficiently definite" to support the Commission's conclusion that decedent "did not suffer from disability *as a result of* an occupational disease." (Emphasis added.)

Although there was evidence to support a finding that cotton mill workers were subject to "increased risk" of contracting bronchitis, *see Booker v. Medical Center,* 297 N.C. 458, 472, 256 S.E. 2d 189, 198 (1979), there was no compelling evidence that any higher incidence of bronchitis among cotton mill workers was "*due to* . . . conditions . . . characteristic of and peculiar to" that occupation, G.S. 97-53(13) (emphasis added). The chief medical witness testified only that bronchitis "could or might be caused in some instances by conditions characteristic of work in the cotton textile industries." The Commission was not bound to find from this evidence alone that bronchitis was an occupational disease.

Further, the Commission was not bound to find from the evidence that plaintiff's bronchitis was caused by exposure to cotton dust. The chief medical witness testified that he was "unable to state with any degree of medical certainty the degree that either cigarette smoking or cotton dust exposure could or might have played in [decedent's] bronchitis." Thus, even if bronchitis were an occupational disease, plaintiff could properly be denied benefits because she had not proven that bronchitis *due to cotton dust exposure* caused decedent any calculable degree of disability.

> When a claimant becomes incapacitated for work and part of
> that incapacity is caused, accelerated or aggravated by an oc-
> cupational disease and the remainder of that incapacity for
> work is not caused, accelerated or aggravated by an occupa-
> tional disease, the Workers' Compensation Act of North
> Carolina requires compensation only for that portion of the
> disability caused, accelerated or aggravated by the occupa-
> tional disease.

*Morrison, supra,* 304 N.C. at 18, 282 S.E. 2d at 470. Plaintiff had
"the burden of proof 'to show not only . . . disability, but also its
degree.' " *Id.,* 304 N.C. at 13, 282 S.E. 2d at 467.

We note that this is not a situation where "a pre-existing,
*nondisabling, non-job-related* condition is aggravated or ac-
celerated . . . by an occupational disease so that . . . the
employer must compensate the employee for the entire resulting
disability even though it would not have disabled a normal person
to that extent." *Id.,* 304 N.C. at 18, 282 S.E. 2d at 470. There is no
evidence that decedent entered into cotton mill employment with
a distinct condition that could have been aggravated by cotton
dust exposure.

Because plaintiff failed to carry her burden of proving that
decedent's disability resulted from a disease caused by conditions
characteristic of his occupation, we affirm the findings, conclu-
sions and award of the Industrial Commission denying benefits.
*See Walston v. Burlington Industries, supra; Rutledge v. Tultex
Corporation, supra.*

Affirmed.

Judges CLARK and ARNOLD concur.