WILLIE ROBINSON, EMPLOYEE, PLAINTIFF v. J. P. STEVENS AND COMPANY, INC., EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8110IC760

(Filed 15 June 1982)

1. **Master and Servant § 68— sufficient causal connection between byssinosis and cotton dust exposure**

   The causal connection between plaintiff's disease of byssinosis and his employment was sufficiently established to permit the Commission's conclusion of compensability.

2. **Master and Servant § 68— hypotheticals posed to experts adequate**

In a workers' compensation proceeding, hypotheticals posed to medical experts adequately reflected plaintiff's testimony concerning former breathing problems and the material with which he worked.

3. **Master and Servant § 68— byssinosis—findings and conclusions supporting finding of**

The Commission's findings that plaintiff "experiences chest pain and breathlessness with moderate exercise and exertion," has been "unable to work at gainful employment and has not been employed since May 30, 1979," and is "totally and permanently disabled as a result of Byssinosis," were supported by competent evidence and were sufficient to support a conclusion of total and permanent disability under G.S. 97-2(9)(Supp. 1981).

4. **Evidence § 50.2; Master and Servant § 68— medical expert witness in general practice—admissibility of testimony**

The Industrial Commission did not err in allowing a medical expert witness "in general practice with experience in treating people with respiratory complaints" to give an opinion on whether plaintiff was "unable to engage in labor requiring exertion."

5. **Master and Servant § 75— workers' compensation—permanent disability—failure to award medical expenses**

Under G.S. 97-29, where the Industrial Commission found plaintiff to be permanently and totally disabled, it was required to award medical expenses during his lifetime.

6. **Master and Servant § 99— failure to award attorney's fees proper—reasonable grounds for not defending**

There was no evidence to support the Commission's conclusion that "the case was not defended without reasonable ground" under G.S. 97-88.1 and the Commission's denial of attorney's fees under G.S. 97-88.1 where there was sufficient evidence to support a finding that defendant had no knowledge of OSHA dust measurements being sought by plaintiff.

7. **Master and Servant § 99— failure to enter award of attorney's fees—no abuse of discretion**

The Industrial Commission did not abuse its discretion in failing to enter an award of attorney's fees for plaintiff pursuant to G.S. 97-88.

APPEAL by defendants from the North Carolina Industrial Commission. Opinion and award entered 29 January 1981. Heard in the Court of Appeals 30 March 1982.

Plaintiff alleged he suffered from byssinosis as a result of exposure to cotton dust while employed by defendant-employer. The full Commission affirmed in part the hearing commissioner's award of compensation for total and permanent disability as a

result of an occupational disease. From the opinion and award of the full Commission, defendants appeal and plaintiff cross appeals.

    *Hassell & Hudson, by Charles R. Hassell, Jr., Robin E. Hudson, and R. James Lore, for plaintiff.*

    *Maupin, Taylor & Ellis, P.A., by Richard M. Lewis and David V. Brooks, for defendants.*

WHICHARD, Judge.

### DEFENDANTS' APPEAL

[1] Defendants assign error to the findings, conclusions, and award of the full Commission, contending that plaintiff failed to prove a sufficient causal connection between his byssinosis and cotton dust exposure, and that the record contains insufficient evidence of plaintiff's total and permanent disability. We disagree.

    The findings of fact made by the Commission are conclusive on appeal if supported by competent evidence in the record. *Walston v. Burlington Industries*, 304 N.C. 670, 677, 285 S.E. 2d 822, 827 (1982); *Morrison v. Burlington Industries*, 304 N.C. 1, 6, 282 S.E. 2d 458, 463 (1981); *Moore v. Piedmont Processing Company*, 56 N.C. App. 594, 596, 289 S.E. 2d 573, 574 (1982). The conclusions of the Commission will not be disturbed if justified by the findings of fact. *Inscoe v. Industries, Inc.*, 292 N.C. 210, 216, 232 S.E. 2d 449, 452 (1977); *Rutledge v. Tultex Corp.*, 56 N.C. App. 345, 349, 289 S.E. 2d 72, 74 (1982); *Moore, supra*, 56 N.C. App. at 596, 289 S.E. 2d at 574.

    The Commission found the following: "Plaintiff was exposed to respirable cotton dust" for a total of about twelve years while working at defendant-employer's cotton mill. Plaintiff contracted byssinosis, a disease in which the airways are obstructed "due to exposure to respirable cotton dust." No extrinsic factors contributed to plaintiff's airway obstruction. The Commission concluded that "plaintiff ha[d] contracted . . . Byssinosis . . . caused by exposure to cotton dust in his employment with defendant-employer." We hold these findings fully supported by the record, and that they fully support the conclusion that plaintiff's byssinosis was caused by exposure to cotton dust.

Defendants contend the medical testimony established at most that exposure to cotton dust was one factor in causing plaintiff's disease. They argue that the requirement that the disease be *caused by* exposure to cotton dust "is not met by establishing that the disease condition may have been contributed to by the exposure or that such exposure, in addition to other, noncompensable causes, may have been a *factor* in the disease condition."

Assuming, *arguendo*, that cotton dust was only one of multiple causal factors, "[d]isability . . . resulting from a disease is compensable when . . . the disease . . . is aggravated or accelerated by causes and conditions characteristic of and peculiar to claimant's employment." *Walston, supra,* 304 N.C. at 679-80, 285 S.E. 2d at 828. If the disease is not disabling apart from the aggravation by occupational conditions, "the employer must compensate the employee for the entire resulting disability." *Morrison, supra,* 304 N.C. at 18, 282 S.E. 2d at 470. The Commission specifically found that, although plaintiff had previously had nasal polyps, "no extrinsic factors . . . contribute[d] to plaintiff's airway obstruction" and that, in any event, the polyps were not in themselves disabling. We find the causal connection between plaintiff's disease and his employment to have been sufficiently established, pursuant to the foregoing standards, to permit the Commission's conclusion of compensability.

[2]   Defendants further contend that certain medical testimony supporting causation was incompetent, in that hypotheticals posed to the medical experts did not include significant facts which would diminish the role of cotton dust as a cause of plaintiff's disease. Specifically, defendants argue that the hypotheticals failed to present plaintiff's testimony that (1) he wore a respirator for a year while working for defendant-employer, (2) synthetics were processed in some rooms he worked in, and (3) he had breathing problems before he was hired by defendant-employer.

We have examined the hypotheticals, and we find that they adequately reflect plaintiff's testimony on these points. Further, any failure to include in the hypotheticals all elements of plaintiff's testimony is not fatal. A hypothetical question need only present "sufficient facts to allow [the witness] to express an

intelligent and safe opinion." *Dean v. Coach Co.*, 287 N.C. 515, 521, 215 S.E. 2d 89, 93 (1975). *See also State v. Dilliard,* 223 N.C. 446, 448, 27 S.E. 2d 85, 87 (1943); *Pigford v. R.R.*, 160 N.C. 93, 103, 75 S.E. 860, 863 (1912). "It was not incumbent on the plaintiff to include in his [hypothetical] questions all the evidence bearing upon the fact to be proved; the defendants had the right to present other phases of the evidence in counter-hypothetical questions." *Godfrey v. Power Co.*, 190 N.C. 24, 31, 128 S.E. 485, 490 (1925); *see also State v. Stewart,* 156 N.C. 636, 640, 72 S.E. 193, 194 (1911). The hypotheticals here contained "sufficient facts to allow [the witness] to express an intelligent and safe opinion." *Dean, supra.* Further, the record shows that defendants cross-examined the medical experts but did not pose any counter-hypotheticals which included those facts they believed significant regarding causation. We thus find no merit to this contention.

[3]  Defendants next contend there is insufficient evidence to support the Commission's findings that plaintiff "experiences chest pain and breathlessness with moderate exercise and exertion," has been "unable to work at gainful employment and has not been employed since May 30, 1979," and is "totally and permanently disabled as a result of Byssinosis." They argue that the finding that plaintiff cannot "perform ordinary activity consistent with ordinary employment" indicates the Commission applied the wrong criteria to determine disability.

G.S. 97-2(9)(Supp. 1981) defines "disability" as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." The test for disability is whether and to what extent earning capacity is impaired, not the fact or extent of physical impairment. *Priddy v. Cab Co.*, 9 N.C. App. 291, 297, 176 S.E. 2d 26, 30 (1970). "If [plaintiff] is unable to work and earn *any* wages, [he] is totally disabled. . . . If [he] is able to work and earn *some* wages, but less than [he] was receiving at the time of [his] injury, [he] is partially disabled." *Little v. Food Service,* 295 N.C. 527, 533, 246 S.E. 2d 743, 747 (1978). We hold that the Commission's findings are supported by competent evidence and are sufficient to support a conclusion of total and permanent disability under the applicable standard.

[4]  Finally, defendants assign error to a number of evidentiary rulings during the testimony of plaintiff's family physician. They

argue that the hearing commissioner abused her discretion in allowing this witness, who was not a specialist, to give an expert opinion regarding the cause of plaintiff's disability.

"[W]hether none but a specialist can testify as an expert, is not a matter of judicial discretion the exercise of which by the trial court is final; it is a question of law which is subject to review by the appellate tribunal." *Pridgen v. Gibson*, 194 N.C. 289, 291, 139 S.E. 443, 445 (1927). A medical witness need not, as a matter of law, be a specialist in a particular subject to give an opinion on it. *Seawell v. Brame*, 258 N.C. 666, 129 S.E. 2d 283 (1963); *Pridgen, supra,* 194 N.C. at 291-92, 139 S.E. at 445. The witness here was properly accepted "as an expert witness in general practice with experience in treating people with respiratory complaints." It thus was not error to allow him to give his opinions regarding causation and disability in response to properly framed hypothetical questions.

Defendants' further argument that this witness improperly invaded the province of the fact finder in giving an opinion on the ultimate issue of whether plaintiff was disabled is without merit. Direct examination of this witness solicited an opinion on whether plaintiff was "unable to engage in labor requiring exertion," that is, whether he was *physically* disabled. It did not solicit an opinion on the ultimate issue of whether and to what extent plaintiff's earning capacity was impaired. *Priddy, supra.*

Defendants' final evidentiary argument is that they were denied their right to cross-examine plaintiff's family physician, because the hearing commissioner first excluded a hypothetical regarding causation and later reversed her ruling and admitted the testimony subsequent to the hearing. Assuming, *arguendo,* that the previously excluded evidence was improperly admitted due to lack of opportunity for cross-examination, the admission was not reversible error, because the findings of the Commission on disability and causation are supported by competent evidence introduced through two other medical experts. Findings supported by competent evidence are binding on appeal, even though incompetent evidence was also admitted. *See, e.g., Blalock v. Durham,* 244 N.C. 208, 92 S.E. 2d 758 (1956).

PLAINTIFF'S APPEAL

[5]   Plaintiff assigns error to the Commission's failure to award medical expenses pursuant to G.S. 97-29. The Commission's award reads, in pertinent part, as follows: "Defendants shall pay all costs of reasonable medical and/or other treatment necessitated by plaintiff's occupational disease *so long as such treatment will tend to lessen the period of disability or provide needed relief* . . . . " (Emphasis supplied.)

The Commission did not state the statutory basis for its award of medical expenses. Both G.S. 97-25 and G.S. 97-59, as in effect at the time of the injury, appear to support the award, because they allow payments only so long as treatment will "tend to lessen the period of disability." G.S. 97-25 (1979); G.S. 97-59 (1979) (rewritten 1981). G.S. 97-29, however, contains a mandatory provision that applies when the Commission finds a permanent and total disability. *See Peeler v. Highway Comm.*, 302 N.C. 183, 185, 273 S.E. 2d 705, 707 (1981). "In cases of total and permanent disability, compensation, including reasonable and necessary nursing services, medicines, sick travel, medical, hospital, and other treatment or care or rehabilitative services *shall* be paid for by the employer *during the lifetime of the injured employee.*" G.S. 97-29 (1979 & Supp. 1981) (emphasis supplied). The Commission here found plaintiff to be permanently and totally disabled. It thus was required to award medical expenses during his lifetime. *Id.*

[6]   Plaintiff assigns error to the full Commission's reversal of the hearing commissioner's award of attorney's fees pursuant to G.S. 97-88.1, which provides: "If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." The full Commission concluded that this provision was not applicable because "the case was not defended without reasonable ground."

The following stipulated facts are pertinent to the inquiry:

On 10 August 1979 plaintiff served defendants with interrogatories seeking, *inter alia*, dust level measurements made by

anyone, including state or federal OSHA representatives, in the parts of the mill in which plaintiff worked. Plaintiff specifically requested copies of any OSHA citations.

On 2 November 1979, plaintiff served defendant-employer's plant manager with a subpoena *duces tecum* requiring that he bring to a 16 November 1979 hearing copies of all dust level measurements made from 1960 to date in a room where plaintiff worked. On 8 November 1979 plaintiff served on defendants a motion to compel answers. On 9 November 1979 defendants served their answers to the interrogatories, objecting to the request for dust level measurements as irrelevant to plaintiff's claim. Also on 9 November 1979 defendants moved to quash the subpoena *duces tecum* as irrelevant and overbroad.

At the 16 November 1979 hearing certain dust level measurements were produced by defendant-employer's personnel manager and introduced by plaintiff over defendants' objections. Defendant-employer's personnel manager, as well as counsel for defendants, denied specific knowledge of the existence of OSHA dust level measurements.

On 5 December 1979 the hearing commissioner ordered that the matter be reset for hearing on 17 December 1979 "for the limited purpose of presentation by the plaintiff of dust level tests and measurements performed by OSHA . . . in the area which and during the time when, plaintiff worked for the defendant-employer." Before the 17 December 1979 hearing defendants delivered to plaintiff documents containing dust level measurements, including a 4 November 1976 OSHA citation with attachments showing that plaintiff in particular was exposed to a "serious" level of dust. Defendants stipulated to the authenticity of these documents, but objected to them as irrelevant and therefore inadmissible. The 17 December 1979 hearing was thus rendered unnecessary and was never held. The hearing commissioner awarded plaintiff attorney's fees

> as a result of plaintiff's counsels' preparation for the [17 December 1979] hearing . . . which was requested because of defendants' failure to produce documents which with reasonable diligence and in response to subpoena and order limiting the same, could have been provided at the [16 November 1979] hearing . . . or prior to another hearing be-

ing set and plaintiff's having to acquire said documents in support of their motion for the [17 December 1979] hearing for the purpose of introducing the same into evidence. There is no reasonable argument or defense that these documents were not relevant, competent and material on the issue of plaintiff's exposure to cotton dust, an element of the claim herein, that these documents did not exist or that defendants did not have knowledge of them.

The full Commission, upon reviewing an award by the hearing commissioner, is not bound by findings of fact supported by the evidence, but may reconsider evidence and adopt or reject findings and conclusions of the hearing commissioner. *Watkins v. City of Wilmington,* 290 N.C. 276, 280, 225 S.E. 2d 577, 580 (1976); *Lee v. Henderson & Associates,* 284 N.C. 126, 130, 200 S.E. 2d 32, 35-36 (1973). The findings and conclusions of the full Commission, however, are binding on this Court if adequately supported by the record. *Walston, supra; Morrison, supra; Moore, supra.* Whether the evidence shows a "reasonable ground" to defend is, however, a matter reviewable by this court. *See Sparks v. Mountain Breeze Restaurant,* 55 N.C. App. 663, 286 S.E. 2d 575 (1982).

While we cannot agree with defendants' contention that the dust level measurements for the locations and times of plaintiff's work for defendant-employer were irrelevant, there was sufficient evidence to support a finding that defendants had no knowledge of the OSHA measurements. Therefore, although there was evidence to support a contrary result, there was sufficient evidence to support the Commission's conclusion that "the case was not defended without reasonable ground." The conclusion is therefore binding on this Court.

[7] Plaintiff assigns error to the failure of the Commission to award attorney's fees pursuant to G.S. 97-88, which provides:

If the [I]ndustrial Commission at a hearing on review . . . shall find that such hearing . . . [was] brought by the insurer and the Commission . . . by its decision orders the insurer to make . . . payments of benefits . . . to the injured employee, the Commission . . . may further order that the cost to the injured employee of such hearing . . . including therein reasonable attorney's fee . . . shall be paid by the insurer as a part of the . . . costs.

Defendants here appealed to the full Commission and were ordered to compensate plaintiff. The prerequisites for an award pursuant to G.S. 97-88 thus were fulfilled. *See Bowman v. Chair Co.*, 271 N.C. 702, 157 S.E. 2d 378 (1967). The statute, however, leaves the award to the Commission's discretion; and we find no abuse of discretion in the failure to enter an award here.

In light of our disposition of defendants' appeal, we need not address plaintiff's assignment of error to the exclusion of certain evidence.

## RESULT

In defendants' appeal, affirmed.

In plaintiff's appeal, remanded for entry of an award of medical expenses pursuant to G.S. 97-29; otherwise, affirmed.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.