The resolution of the compensability issue in this case depends largely on the credibility or weight accorded the testimony of the witnesses. "While the Full Commission is empowered to change any finding of fact, as a matter of almost unexceptional practice, it relies on the judgment of the Deputy Commissioner, who is in the best position to form a first-hand impression of the witness[es], in making credibility determinations. Pollard v. Krispy Waffle,63 N.C. App. 354, 304 S.E.2d 762 (1983)." Johnson v. FreightlinerCorporation, I.C. No. 911956, 4 January 1994. The evidence upon which the Deputy Commissioner based her decision amply supports it, and there is no apparent misapprehension of fact that would have affected that decision.
The greater weight of the medical evidence supports the finding that the atonic bladder condition was related to the compensable injuries. It was not necessary that the treating physician approach the question through epidemiology or another "academic" discipline. The knowledge of the "country urologist" was sufficient to "assist the trier of fact . . . to determine a fact in issue. . . ." N.C. R. Evid. 702 (a); Robinson v. J.P.Stevens, 57 N.C. App. 619, 624, 292 S.E.2d 144 (1982).
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant.
3. Defendant was a qualified self-insurer.
4. The dates of alleged injury are 3 February 1993 and 30 December 1993.
The parties also stipulated to a Form 22 and medical records from Dr. Brooks and Dr. Vick.
* * * * * * * * * *
Based upon the competent evidence adduced from the record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff is a 30 year old married mother of four who attended school to the 8th grade. Before going to work for defendant in 1990, she performed similar work at another mill. Plaintiff did not have any problems with her back prior to 3 February 1993.
2. Plaintiff was employed by defendant as a knitter whose job it was to supervise the operation of several knitting machines. When a knitting machine stopped or malfunctioned, plaintiff was required to restart the machine by pushing a button and pulling on a handle.
3. On 3 February 1993 plaintiff sustained an injury to her back as a result of a specific traumatic incident of the work assigned when, as she yanked on the handle of a machine, she felt a sharp cramp in her lower back. Plaintiff reported the injury to her supervisor a short time later, but he did not make a written report of the injury.
4. Plaintiff came under the care of Dr. Miller, who diagnosed L5-S1 disc herniation with left S1 nerve root entrapment. Dr. Miller performed a lumbar laminectomy and discectomy in early March 1993 and released plaintiff to return to work on 1 May 1993.
5. Plaintiff returned to work on 9 April 1993 and worked continuously thereafter without difficulty until she sustained another injury to her back as a result of a specific traumatic incident of the work assigned on 30 December 1993 when she was pulling on the handle of a machine and was again hit with a pain in her back, this time worse than before and radiating down both legs. This injury was duly reported and she eventually returned to Dr. Miller for further treatment.
6. On 10 January 1994 plaintiff underwent an emergency laminectomy and fusion for cauda equina syndrome, resulting from a massive disc herniation at the L5-S1 level compressing all of the nerve roots at that interspace of her spine. Plaintiff continued to have significant difficulties following the surgery, including bowel and bladder incontinence and pain and numbness down both legs, left worse than right. Her left foot became relatively insensate and she developed a pressure ulcer on her left heel. She was referred to an urologist, who diagnosed a cystocele that was unrelated to plaintiff's back injuries and an atonic bladder which was causally related to the back injuries. Plaintiff underwent a bladder neck suspension surgery for the cystocele, but continues to be plagued by urinary retention due to the atonic bladder, which requires that she catheterize herself.
7. As a result of the injury by accident of 3 February 1993 plaintiff was unable to earn the same wages she was earning at the time of the injury in the same or any other employment, from 8 February 1993 to 9 April 1993.
8. As a result of the injury by accident of 30 December 1993 plaintiff has been unable to earn the same wages she was earning at the time of the injury in the same or any other employment, continuously since the date of injury.
9. Plaintiff's average weekly wage is $272.79.
* * * * * * * * * * * *
The foregoing stipulations and findings of fact engender the following
CONCLUSIONS OF LAW
1. On 3 February 1993 and 30 December 1993 plaintiff sustained injuries by accident arising out of and in the course of her employment with defendant. N.C.G.S. 97-2 (6).
2. As a result of the above-described injuries by accident, plaintiff was temporarily and totally disabled from 8 February 1993 to 9 April 1993, and again commencing 31 December 1993 and continuing through the date of the hearing before the deputy commissioner. G.S. 97-29.
3. The bladder suspension surgery was not causally related to the compensable back injuries, and therefore defendant shall not have to pay medical compensation expenses plaintiff incurred for that treatment. However, defendant shall be responsible for paying expenses incurred by plaintiff for treatment of her atonic bladder, as well as for treatment of her back. G.S. 97-25.
* * * * * * * * * * *
The foregoing stipulations, findings of fact and conclusions of law engender the following
AWARD
1. Defendant shall pay plaintiff temporary total disability benefits at the rate of $181.95 per week for the periods from 8 February 1993 to 9 April 1993, and again commencing 31 December 1993 and to continue until further order of the Industrial Commission.
2. Defendant shall pay medical expenses as outlined above.
3. Defendant shall pay the costs.
4. Plaintiff's attorney is entitled to a fee of 25 percent of the compensation awarded herein, which amount shall be deducted from the lump sum due plaintiff and paid directly to Mr. Keel. In addition, every fourth compensation check shall be forwarded directly to Mr. Keel for the balance of his fee.
5. Defendant shall pay Dr. Long an expert witness fee of $200.00.
 S/ ________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________ LAURA K. MAVRETIC COMMISSIONER
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
JRW:md