CLAUDETTE EVANS (now HINNANT), EMPLOYEE-PLAINTIFF v. YOUNG-HINKLE CORPORATION, EMPLOYER-DEFENDANT, SELF-INSURED (ASSOCIATED RISK SERVICES CORPORATION, ADMINISTERING AGENT)

No. COA95-987

(Filed 3 September 1996)

**1. Workers' Compensation § 372 (NCI4th)— ex parte communication with plaintiff's treating physician—error**

The Industrial Commission committed reversible error by denying plaintiff's motion for an order prohibiting the ex parte contact between defense counsel and plaintiff's treating physician. Therefore, the deposition testimony of the physician was improperly admitted.

**Am Jur 2d, Witnesses § 470.**

**Commencing action involving physical condition of plaintiff or decedent as waiving physician-patient privilege. 21 ALR3d 912.**

**Propriety of ex parte communication made in connection with administrative proceeding by interested party or by member or employee of agency (5 USCS § 557(B)(1)). 58 ALR Fed. 834.**

2. **Workers' Compensation § 471 (NCI4th)— award of attorney fees to defendant—error**

The Industrial Commission erred in ordering that defendant's costs and attorney's fees be paid by plaintiff's counsel, since N.C.G.S. § 97-88.1 provides that costs may be assessed against a party, not his counsel; however, plaintiff's claim was not based on unfounded litigiousness where she sought compensation for disability to her hand in addition to compensation she had already received for disability to her finger, and the awarding of attorney's fees was unwarranted.

**Am Jur 2d, Attorneys at Law § 48; Pleading § 26.**

**Disciplinary proceedings against an attorney predicated upon malicious prosecution or similar tort action. 52 ALR2d 1217.**

**Attorney's liability for abuse of process. 46 ALR4th 249.**

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 28 April 1995. Heard in the Court of Appeals 24 April 1996.

*Walden & Walden, by Daniel S. Walden, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Paige E. Williams, for defendant-appellee.*

LEWIS, Judge.

Plaintiff Claudette Evans (now and hereinafter "Hinnant") appeals from an Opinion and Award of the North Carolina Industrial Commission (hereinafter "Commission").

## EVANS v. YOUNG-HINKLE CORP.

[123 N.C. App. 693 (1996)]

While employed with defendant Young Hinkle Corporation plaintiff suffered a compensable injury arising out of and in the course of her employment. Defendant accepted the claim and agreed to pay temporary total disability from 7 February through 8 April 1990 pursuant to a Form 21 Agreement which was approved by the Commission on 28 August 1990. Defendant further agreed to pay plaintiff ten (10) weeks compensation for a twenty-five percent (25%) permanent partial loss to the second finger (long finger) pursuant to N.C. Gen. Stat. section 97-31(3) in a Form 26 Agreement approved by the Commission on 12 September 1990.

On 2 April 1992, plaintiff filed a Form 33 Request for Hearing seeking additional compensation for permanent partial loss to her hand pursuant to N.C. Gen. Stat. section 97-31(12). Defendant opposed this request and filed a motion requesting costs and attorney's fees. By letter dated 23 October 1992, plaintiff moved for an order prohibiting defense counsel's ex parte contact with plaintiff's treating physician. Deputy Commissioner William L. Haigh denied this request by order filed 2 November 1992.

On 15 January 1993, Deputy Commissioner Haigh filed an Opinion and Award denying plaintiff's claim for additional compensation for loss to the hand and awarding attorney's fees and costs against plaintiff's counsel. In addition, Deputy Commissioner Haigh set aside the Form 26 Agreement pursuant to N.C. Gen. Stat. section 97-17 upon a finding of mutual mistake. On 30 March 1993, plaintiff filed a Form 44 application for Full Commission review. The Full Commission adopted the Deputy Commissioner's decision on 28 April 1995. Plaintiff appeals.

On appeal, plaintiff contends the Commission erred by: (1) denying her 23 October 1992 motion to preclude defendant's ex parte contact with her treating physician; (2) setting aside the Form 26 Agreement; (3) denying her request for additional compensation; and (4) awarding attorney's fees and costs against her attorney.

[1] We first consider plaintiff's assertion that the Commission erred by denying her motion to preclude defense counsel's ex parte contact with plaintiff's treating physician. In *Crist v. Moffat*, 326 N.C. 326, 389 S.E.2d 41 (1990), our Supreme Court held, in a medical malpractice case, that defense counsel may not interview plaintiff's treating physician privately without the plaintiff's express consent. *Id.* at 336, 389 S.E.2d at 47. In *Salaam v. N. C. Dept. of Transportation*, 122 N.C.

App. 83, 468 S.E.2d 536, *disc. review allowed*, 343 N.C. 514, 472 S.E.2d 20 (1996), we applied *Crist* in the worker's compensation context and held that the Commission erred when it admitted a doctor's deposition testimony taken after defense counsel engaged in ex parte contact with the plaintiff's physician without the consent of plaintiff's counsel. *Id.* at 88, 468 S.E.2d at 539.

In *Salaam*, we further held that admission of testimony given after this type of ex parte contact occurred is reversible error in spite of any opportunities the plaintiff's attorney had to cure the resulting prejudice. *Id.* In accordance with *Salaam*, we therefore conclude that the Commission committed reversible error by denying plaintiff's motion for an order prohibiting the ex parte contact between the defense counsel and the plaintiff's treating physician. Pursuant to *Salaam*, as Dr. Naso's deposition testimony followed and was tainted by the improper contact, we remand this case to the Commission to strike this testimony, to reopen the case to receive further evidence, and to reconsider plaintiff's claim for additional compensation.

[2] We now consider the allegation that the Commission erred in ordering that defendant's costs and attorney's fees be paid by plaintiff's counsel. Where a hearing is brought, prosecuted or defended without reasonable ground, N.C. Gen. Stat. section 97-88.1 provides the Commission with the authority to assess the whole cost of the proceedings, including attorney's fees, upon the party who has brought or defended the proceeding. It states that the Commission may assess such costs (including attorney's fees) "upon a *party*. . . ." N.C. Gen. Stat. § 97-88.1 (1991) (emphasis added). The statutory language does not expressly provide the Commission with the authority to assess these costs and fees against a party's counsel.

In *Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992), our Supreme Court found that the language of N.C. Gen. Stat. section 6-21.5 refers in every instance to the *party* with no hint of including the attorney. *Id.* at 665-666, 412 S.E.2d at 338-339 (emphasis added). In *Bryson*, the Court held that " 'because statutes awarding an attorney's fee to the prevailing party are in derogation of the common law, N.C. Gen Stat. § 6-21.5 must be strictly construed' " and therefore the statute does not authorize the Court to require counsel to pay attorney's fees to the prevailing party. *Id.* (quoting *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991)). We conclude that the same considerations stated in *Bryson* are applicable to G.S. section 97-88.1, the statutory provision at issue here.

EVANS v. YOUNG-HINKLE CORP.

[123 N.C. App. 693 (1996)]

Furthermore, G.S. section 97-88.1 reads in pertinent part: "If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." G.S. § 97-88.1 (1991). In *Sparks v. Mountain Breeze Restaurant*, 55 N.C. App. 663, 286 S.E.2d 575 (1982), we established a test to determine whether attorney's fees should be awarded in a hearing brought before the Industrial Commission. In *Sparks*, we stated: "The test is not whether the defense prevails, but whether it is based in reason rather than in stubborn, unfounded litigiousness." *Id.* at 665, 286 S.E.2d at 576. In *Robinson v. J.P. Stephens & Co.*, 57 N.C. App. 619, 292 S.E.2d 144 (1982), we stated that this Court has the right to review whether the evidence shows a reasonable ground to defend. *Id.* at 627, 292 S.E.2d at 149. In her claim, plaintiff asserts that she is entitled to compensation under G.S. section 97-31(12) for disability to her hand *in addition to* compensation she has already received for disability to her second (long) finger under G.S. Section 97-31(3). Considering the evidence presented, we find that the claim is not based on unfounded litigiousness and therefore conclude that the awarding of attorney's fees is unwarranted.

Given the disposition of this case, we do not address plaintiff's other assignments of error. We reverse the Opinion and Award filed 28 April 1995 and remand this case to the Commission with directions to strike the deposition testimony of Dr. Stephen J. Naso, Jr., reverse the award of attorney's fees and costs against plaintiff's attorney, reopen the case to receive further evidence and reconsider plaintiff's request for additional compensation.

Reversed and remanded.

Judges EAGLES and MCGEE concur.