STATE OF NORTH CAROLINA v. JOANN LITTLE

No. 752SC465

(Filed 19 November 1975)

1. **Criminal Law § 42— rifle taken in breaking or entering and larceny case — identification testimony proper**

    In a prosecution for felonious breaking or entering where a State's witness had just completed an identification of a 30-30 Winchester rifle which had been stolen from his home, the trial court did not err in allowing the State to ask the witness if he could "identify that rifle as being different from any other 30-30 Winchester Rifle."

2. **Criminal Law § 162— evidence admitted over objection — proper assignment of error**

    If evidence is incompetent and is admitted over objection, the assignment of error should be to the admission of incompetent evidence, not to the failure of the court to instruct the jury to disregard it.

3. **Criminal Law § 42— coat worn by crime suspect — coat worn by defendant — descriptions properly admitted**

    Where the evidence in a felonious breaking or entering and felonious larceny case tended to show that Rhodes' trailer was broken into and that a witness observed at Rhodes' door on the day of the crime a person in a short black and white fur, fuzzy coat, the trial court did not err in allowing Rhodes, who had known defendant for quite a while, to testify that on occasions he saw defendant, she customarily wore a little white fur coat.

4. **Criminal Law § 88— limitation of cross-examination proper**

    The trial court did not err in limiting cross-examination of a witness where the testimony sought had already been given.

5. **Burglary and Unlawful Breakings § 5; Larceny § 7— possession of recently stolen property — sufficiency of evidence**

In a prosecution for felonious breaking or entering and felonious larceny, evidence was sufficient to invoke the principle of possession of recently stolen property and to require submission of the case to the jury where such evidence tended to show that the residences of Keys, Rhodes, and Johnson were broken into, various items of property were stolen therefrom, defendant placed in her brother's trailer on the day of the break-in items stolen from each of the three residences, defendant had in her immediate possession on the day of the break-in a blouse and some jewelry stolen from the Rhodes' residence, a female wearing a coat similar to defendant's coat was seen on the day of the break-in standing at the door of the Rhodes' residence, defendant attempted to induce another person to take the blame for the break-in, and defendant and her boyfriend undertook to stop the prosecutions by agreeing to pay damages for those items which were damaged or not recovered.

6. **Criminal Law § 112— jury instructions — female defendant — use of masculine pronouns — no error**

Trial court's use of the terms "he" and "his" instead of "she" and "her" in an instruction upon a general principle applicable to all defendants brought to trial in N. C. was not erroneous.

7. **Burglary and Unlawful Breakings § 6— instruction as to "taking or entering" — lapsus linguae — no prejudice**

In a prosecution for breaking or entering the trial court's statement in instructing the jury, "that the property was taken from a building after a taking or entering," was a *lapsus linguae* and did not confuse the jury, since immediately preceding the sentence complained of the judge used the term "breaking or entering" eight times, and immediately following the sentence complained of, the judge used the term "breaking or entering" four times.

8. **Burglary and Unlawful Breakings § 7; Larceny § 8— felonious breaking or entering and felonious larceny — failure to submit lesser included offenses — no error**

The trial court in a prosecution for felonious breaking or entering and felonious larceny did not err in failing to submit to the jury the lesser included offenses of misdemeanor breaking or entering and misdemeanor larceny where there was no evidence upon which to base a finding of guilt of lesser included offenses.

9. **Criminal Law § 154— post-verdict testimony in record on appeal — inclusion discretionary matter**

Inclusion of post-verdict testimony in the record on appeal was a discretionary matter for the trial judge, and absent a manifest abuse of discretion by the trial judge, the settlement of the record on appeal is not reviewable.

10. **Criminal Law § 137— judgment inconsistent with verdict — guilty of receiving — recitation stricken**

Where defendant was convicted of felonious breaking or entering and felonious larceny, the judgments entered which recited that de-

fendant was convicted of "receiving" were erroneous, but such errors were surplusage which should be deleted from the judgments and commitments.

ON *writ of certiorari* to review a trial before *Martin (Robert M.), Judge.* Judgment entered 6 June 1974 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 23 September 1975.

Defendant was charged in three three-count bills of indictment. (I) In No. 74CR217-A she was charged with (1) felonious breaking or entering (Keys residence), (2) felonious larceny, and (3) felonious receiving. (II) In No. 74CR217-B she was charged with (1) felonious breaking or entering (Rhodes residence), (2) felonious larceny, and (3) felonious receiving. (III) In No. 74CR217-C she was charged with felonious breaking or entering (Johnson residence), (2) felonious larceny, and (3) felonious receiving. Without objection the three cases were consolidated for trial, along with three similar indictments against her younger brother, Jerome Little. She was found guilty of (1) felonious breaking or entering, and (2) felonious larceny in each of the three cases. Under the instructions given by the trial judge, the jury was to consider the charges of felonious receiving only in the event they found defendant not guilty of the charges of felonious breaking or entering and felonious larceny. Therefore, under the verdicts rendered by the jury, the charges of felonious receiving were removed from its consideration.

The State's evidence tended to show the following:

During the daylight hours of 14 January 1974, the residence of James Earl Keys, Route 1, Box 306, Chocowinity, North Carolina, was broken into. Entrance was gained by prying open the front screen door and the main front door of the Keys' residence. A portable television set and a 30-30 Winchester rifle were taken. Both were recovered in the manner later disclosed by the evidence.

During the daylight hours of 14 January 1974, the trailer residence of Roland Rhodes in Sawyer's Trailer Park in Beaufort County was broken into. A tape player, a vacuum cleaner, all of the food from the refrigerator, all of the canned goods, five pairs of shoes, and some shirts were taken. Some of these items were recovered in the manner later disclosed by the evi-

dence. About midday the next-door neighbor of Rhodes heard a dog barking. She looked out of her window and saw two girls and a man at Rhodes' door. One of the girls was wearing a short black and white fur coat. Defendant Joann Little customarily wears a "little white fur coat." As a result of information given to Rhodes by his next-door neighbor, Rhodes and his girl friend went to see defendant Joann Little. When they arrived, Melinda Moore and Jerome Little were with Joann Little. Melinda Moore was wearing a blouse and some jewelry taken from Rhodes' residence. Joann Little told Melinda Moore to say that she, Melinda, did it because she, Melinda, was under age, and there was nothing that could be done to her. Melinda told Rhodes that it was Joann's idea to break into Rhodes' trailer. Some of Rhodes' property was recovered in the manner later disclosed by the evidence.

During the daylight hours of 14 January 1974, the trailer residence of Ronald Johnson in Sawyer's Trailer Park was broken into. Entry was gained by removing a back window. A television set, a piggy bank, some clothes, some shoes, and some kitchen appliances were taken. Some of these items were recovered in the manner later disclosed by the evidence.

Defendant Jerome Little testified as a witness for the State. Defendant Joann Little, age 20, lived with her boyfriend, Julius Rogers. Defendant Jerome Little, age 19, lived with his girl friend, Melinda Moore, age 14, in a trailer. During the afternoon of 14 January 1974, Joann Little asked Jerome Little if she could keep some things in his trailer. Later, on 14 January 1974, Joann Little and Julius Rogers brought some more clothes, a piggy bank, and some food to Julius Rogers' place on 4th Street. The blouse taken from the Rhodes' trailer was among the clothes. With Joann Little's permission, Melinda Moore put the blouse on and was wearing it when Rhodes and his girl friend arrived at Julius Rogers' place on 4th Street. Jerome Little told Rhodes that Joann and Julius planned the break-in of his trailer and that Joann went out and took his things from his trailer. Jerome Little asked Joann Little if the stuff she had placed in his (Jerome's) trailer had been stolen, and she said yes. Jerome took Julius Rogers' car, went to his (Jerome's) trailer, and loaded the things in the car. Jerome and Melinda Moore started to return the things to Rhodes' trailer, but they became afraid. They then started to take the things to the sheriff's office, but again became afraid.

In the meantime Rhodes had contacted a deputy sheriff, and they were proceeding to Rhodes' trailer residence for further investigation when they saw Jerome Little driving Julius Rogers' car. They stopped the car and observed in the back seat a television set, a rifle, Rhodes' vacuum cleaner, some shoes, and a "whole lot of clothes." The deputy directed Jerome to drive to the sheriff's office. As they were leaving, the deputy's car malfunctioned, and Jerome drove away. Jerome went to a deserted spot in the woods and unloaded everything from the car. Later Jerome drove to the sheriff's office. Thereafter Jerome led the deputy to the spot in the woods where he had unloaded the car; and many of the items taken from the Keys' residence, the Rhodes' residence, and the Johnsons' residence were recovered.

Defendant's testimony tends to show the following:

Joann Little owns a short black and white fur coat. Melinda Moore was wearing the coat on 14 January 1974. Joann Little did not go to the residences of Keys, Rhodes, or Johnson on 14 January 1974. She was with her boyfriend, Julius Rogers, all day. She knew nothing of a breaking and entering or stealing until Rhodes came to her boyfriend's place that evening. Joann Little and her boyfriend tried to get the victims to take their property back and let Julius Rogers pay damages in order to prevent prosecution of Jerome Little and Melinda Moore. They did this only in an effort to protect Jerome and Melinda.

*Attorney General Edmisten, by Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*Paul, Keenan, Rowan & Galloway, by Jerry Paul, James E. Keenan, Karen B. Galloway, James V. Rowan, and James B. Gillespie, Jr., for the defendant.*

BROCK, Chief Judge.

[1] Defendant's first assignment of error alleges that the trial court committed error in allowing the State's witness Keys to answer the following question: "Based on the description you just gave me can you identify that rifle as being different from any other 30-30 Winchester rifle?" Over objection by defendant the witness was allowed to answer as follows: "Well, yes sir, I think I can. I think if anyone would bring another one, I feel like I could. One thing this rifle has only been used about

State v. Little

three times and no oil has been put on it and if you look in the chamber also you can see it's got a dry shine and not an oily shine and I could identify it anyway."

When the foregoing exchange took place, the witness had just completed an identification of the 30-30 Winchester rifle which had been stolen from his home. He described a spot where the bluing of the metal had a light tint, and he described a scratch mark he had put in the metal with a nail for identification purposes. While we might agree that the question to which objection was made was beyond the scope of well-advised examination by the district attorney, we see no error prejudicial to defendant. The witness had already unequivocally identified the rifle as the one taken from his home. Clearly an innocuous question like the one to which error is assigned cannot constitute grounds for a new trial. The rifle was only one of two items identified as having been taken from Keys' residence and later removed from Jerome Little's trailer by Jerome. This assignment of error is overruled.

[2] . Defendant's second assignment of error reads as follows: "The Court erred in failing to properly instruct the jury to disregard evidence that was admitted over objection." The fallacy in this assignment of error lies in the assertion that the court must instruct the jury to disregard evidence merely because it is admitted over objection. Clearly a mere objection does not require exclusion of evidence. If the evidence be incompetent and is admitted over objection, the assignment of error should be to the admission of incompetent evidence, not to the failure of the court to instruct the jury to disregard it. ..

In any event, the argument under this second assignment of error is addressed to the failure of the court to instruct the jury to disregard evidence which was actually excluded by the trial court. Each of the exceptions grouped under this assignment of error (exceptions Nos. 2, 3, 4, 8, and 9) is taken to rulings favorable to defendant. In one instance the court sustained defendant's objection and did not permit the witness to answer; in two instances defendant's objection and motion to strike the testimony were allowed; and in two instances, upon defendant's objection, the court specifically instructed the jury to disregard the testimony as to the defendant Joann Little. Apparently, on trial, counsel was satisfied with the sufficiency of the rulings of the trial judge and made no request for further instruction. This assignment of error is overruled.

State v. Little

[3]   Defendant's third assignment of error is addressed to testimony about a coat that Joann Little customarily wore when the witness had occasion to see her. State's witness Rhodes testified that after talking with the witness Brooks, who had seen three people at the door of Rhodes' trailer residence on the day of the break-in, Rhodes went to see defendant Joann Little. He had known Joann Little for quite a while. The following questions and answers are the subjects of the exceptions grouped under this third assignment of error:

"Q. Have you ever seen Joann Little when she was wearing a coat?

"A. Yes.

"Q. Does Joann Little have any particular coat she customarily wears when you have seen her?

"A. Yes, it's a little white fur coat."

Obviously this testimony was prejudicial to Joann Little because the witness Brooks had described one of the persons she had observed at the door of the Rhodes' trailer residence on the day of the break-in as wearing a short black and white fur, fuzzy coat. Clearly the mere fact that the testimony is prejudicial to defendant does not make it incompetent. The witness Rhodes had known Joann Little for quite a while and had observed that she customarily wore the coat he described. In our opinion the evidence was competent and properly admitted. This assignment of error is overruled.

Defendant's fourth assignment of error is wholly without merit. No objection was made at trial to the admission of the evidence complained of, and defendant now seeks to insert an exception in the record on appeal. This assignment of error is overruled.

Defendant's fifth assignment of error is based upon defendant's exception No. 11. This exception appears in the record on appeal as follows:

"Mr. Grimes: At this time the State will call the defendant Jerome Little to the stand.

"Exception No. 11"

During the course of the trial, in the absence of the jury, the defendant Jerome Little tendered a plea of guilty to feloni-

ously receiving stolen goods. The plea was accepted by the State. Thereafter the trial proceeded against both defendants as though no such plea had been entered by Jerome Little, and the issues of his guilt or innocence were submitted to the jury. Clearly this was done with the concurrence, if not the request, of Joann Little because no request was made of the trial judge that he advise the jury of the plea. Although Joann Little was given ample opportunity to cross-examine Jerome Little, there was no cross-examination of Jerome Little concerning the plea of guilty; and Joann Little does not now argue that the issues of Jerome Little's guilt or innocence should not have been submitted to the jury as though no plea had been entered. Obviously, at trial Joann Little concluded that it was to her advantage that the jury not be advised of Jerome Little's plea of guilty. Defendant's arguments upon this assignment of error are beside the point and are overruled.

[4]   By her sixth assignment of error, defendant argues that the trial judge erroneously restricted her cross-examination of a State's witness. Defendant cross-examined the State's witness Rhodes concerning an agreement proposed by Joann Little and her boyfriend, Julius Rogers, to pay Rhodes damages for the things taken from his residence. Defendant further cross-examined the witness concerning Jerome Little's refusal to sign such an agreement upon his assertion that he did not take anything from Rhodes' residence; that "all he was doing was just getting it out of his trailer." Defendant then asked Rhodes, "But, he was the one that had the stuff in his car?" Objection by the State was sustained, and the witness did not answer. Previously it had been made abundantly clear by the testimony of Jerome Little, by the witness Rhodes, and by a deputy sheriff that Jerome Little had many of the stolen items in his car. Therefore, the question propounded was argumentative to some extent and obviously repetitious of testimony which was not controverted. The trial judge has the duty to keep cross-examination within reasonable bounds, and we see no abuse of discretion or error prejudicial to defendant. This assignment of error is overruled.

[5]   Defendant's seventh assignment of error argues that the charges against Joann Little should have been dismissed for lack of evidence sufficient to submit to the jury. We do not agree. When viewed in the light most favorable to the State, the evidence tends to establish that the residences of Keys, Rhodes, and

State v. Little

Johnson were broken into on 14 January 1974, and various items of personal property were stolen therefrom. It further tends to establish that Joann Little placed in Jerome Little's trailer on the day of the three break-ins items stolen from each of the three residences. Also it tends to establish that she had in her immediate possession on the day of the break-ins a blouse and some jewelry stolen from the Rhodes' residence. The State's evidence tends to establish that a female wearing a coat similar to Joann Little's coat was seen on the day of the break-ins standing at the door of the Rhodes' residence. Also there is the evidence tending to show that Joann Little attempted to induce Melinda Moore to take the blame for the break-ins and that Joann Little and her boyfriend, Julius Rogers, undertook to stop the prosecutions by agreeing to pay damages for those items which were damaged or not recovered. In our opinion this evidence is sufficient to invoke the well-established legal principle relating to possession of recently stolen property. If and when it is established that a building has been broken into and entered and that property has been stolen therefrom, the possession soon thereafter of such stolen property raises inferences of fact that the possessor is guilty of larceny and of the breaking and entering. *State v. Allison*, 265 N.C. 512, 144 S.E. 2d 578 (1965). The inferences of fact are strong or weak, depending upon the length of time that has elapsed and the greater or less possibility that other agencies have intervened. 2 Stansbury's N. C. Evidence, Brandis Revision, § 242. In our opinion the evidence was sufficient to require submission of the case to the jury and to support the verdicts. This assignment of error is overruled.

[6] Defendant's eighth assignment of error argues that the trial court committed prejudicial error when it used the terms "he" and "his" instead of "she" and "her" in the following instruction:

> "Now, members of the jury, the fact that the defendant has been indicted is no evidence of guilt. Under our system of justice when a defendant pleads not guilty he is not required to prove his innocence, he is presumed innocent. The State must prove to you the defendant's guilt beyond a reasonable doubt."

The instruction complained of was an instruction upon a general principle applicable to all defendants brought to trial in North Carolina. We think that defendant's argument that the

jury was so naive as to understand that the presumption applied only to male defendants and not to female defendants requires no serious discussion. This assignment of error is overruled.

[7] Defendant's ninth assignment of error argues that the following sentence of the instructions to the jury constitutes prejudicial error:

> "Sixth, that the property was taken from a building after a taking or entering."

We strongly suspect that the error was on the part of the court reporter instead of the judge. In any event it seems highly unlikely that this *lapsus linguae* could have confused the jury.

Immediately preceding the sentence complained of, the judge used the term "breaking or entering" eight times in defining the offense. Immediately following the sentence complained of, the judge used the term "breaking or entering" four times. The following is the instruction given by the trial judge leading up to the sentence of which defendant complains:

> "Now, I charge that for you to find the defendant guilty of felonious breaking and entering, the State must prove four things beyond a reasonable doubt.

> "First, that there was either a breaking or an entering by the defendant. The opening of a closed door or the breaking in and opening of a window would be a breaking. Simply going through an open door or through a window would be an entry.

> "Second, the State must prove that it was a building broken into or entered. And, a trailer would be a building.

> "Third, that the owner did not consent to the breaking or entering; and,

> "Fourth, that at the time of the breaking or entering the defendant intended to commit larceny therein. Larceny is the taking and carrying away of property of another without his consent with the intent to permanently deprive him of possession.

> "Members of the jury, each of the defendants is charged with felonious larceny pursuant to a breaking or entering. Felonious larceny pursuant to a breaking or entering is the taking and carrying away of personal property

State v. Little

of another without his consent, from a building, after a breaking or entering, intending at the time of taking to deprive the victim of its use permanently, the taker knowing that he was not entitled to take it.

"Now, I charge that for you to find the defendant guilty of felonious larceny, the State must prove six things beyond a reasonable doubt.

"First, that the defendant took property belonging to an owner and in this case it would be the three persons who are charged with having lost the property, either one, two or all three.

"Second, that the defendant carried away the property.

"Third, that the owner did not consent to the taking or carrying away of the property.

"Fourth, that at the time of the taking, the defendant intended to deprive him of its use permanently.

"Fifth, that the defendant knew that he was not entitled to take the property. And,

"Sixth, that the property was taken from a building after a taking or entering."

In our opinion the *lapsus linguae* in the sentence of which defendant complains, when viewed with the charge as a whole, was not likely to confuse the jury, and it does not justify a new trial. This assignment of error is overruled.

Defendant's tenth assignment of error has been disposed of in our discussion of her seventh assignment of error, and the same is overruled.

[8] Defendant's eleventh assignment of error argues that the trial court should have submitted to the jury the lesser included offenses of misdemeanor breaking or entering and misdemeanor larceny. We have already stated the facts which the evidence tends to show and will not here repeat them. The State's evidence tends to show breaking or entering with intent to commit larceny, and larceny pursuant to breaking and entering. There is no evidence to the contrary. Defendant's evidence tends to refute her participation in a breaking or entering, or larceny pursuant to a breaking or entering. There is no evidence upon which to base a finding of guilt of a lesser included offense.

The mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice to require submission of a lesser included offense. *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954).

Defendant's twelfth assignment of error argues that the trial judge should have instructed the jury upon the legal principles applicable to accomplices. We find no evidence to justify or require such instructions. The entire theory of the trial and the evidence was that Joann Little was a principal in the first degree. This assignment of error is overruled.

[9] By defendant's thirteenth assignment of error, she objects to the trial judge's settlement of the record on appeal. The defendant served a proposed record on appeal upon the district attorney in due time. The district attorney, in due time, served on defendant a proposed alternative record on appeal, and defendant timely requested a settlement of the record on appeal by the trial judge. Defendant's only objection to the State's proposed alternative record on appeal was the inclusion of testimony taken after the jury had returned its verdicts. The trial judge ordered that the State's proposed alternative record on appeal, including the post-verdict testimony, shall constitute the record on appeal. Defendant assigns as error the inclusion of the post-verdict testimony in the record on appeal.

After the verdict was rendered and before judgment was entered, defendant, her mother, and others testified. Defendant took the witness stand and, under questioning by her attorney, admitted her participation in each breaking and entering and the larceny of the property. She explained how entry was gained, who participated, what property was taken, and that the stolen property was "dumped" in Jerome Little's trailer.

We agree with defendant's assertion that this post-verdict testimony has no effect on the issues presented by the appeal. The questions presented by defendant's assignments of error on appeal are resolved by application of the law. However, absent a showing of manifest abuse of discretion by the trial judge, the settlement of the record on appeal is not reviewable. Although the post-verdict testimony was of no use to this Court in passing upon defendant's assignments of error, since it was a proceeding before entry of judgment, we fail to see why defendant complains of its inclusion. This assignment of error is without merit and is overruled.

Hospital v. Davis

[10]  Defendant's fourteenth assignment of error argues that the judgment entered in each of the three cases is erroneous because each recites that the defendant was convicted of "receiving." This assignment of error is meritorious. The record on appeal clearly discloses that the jury returned a verdict in each of the three cases that defendant was guilty of felonious breaking or entering, and guilty of felonious larceny. The jury followed the trial court's instruction that if it found Joann Little guilty of breaking or entering, or guilty of larceny, it would not consider the charge of receiving. Although the judgments sentence defendant only upon the felonious breaking or entering charges and upon the felonious larceny charges, each of them does recite that she was also convicted of felonious receiving. These are obvious ministerial errors and constitute surplusage which rightfully should be deleted from the judgments and commitments.

Although we find no prejudical error in the trial, we direct the Clerk of Superior Court, Beaufort County, to delete from the consolidated judgment and commitment entered in these three cases the words "and receiving" which appear three times in the second paragraph thereof, which begins with the words: "Having been adjudged by a jury of 12 guilty of . . . . "

No error.

Judges VAUGHN and CLARK concur.