LINDA C. PORTER, Employee, Plaintiff v. FIELDCREST CANNON, INCORPORATED, Employer; SELF-INSURED, Defendant

No. COA98-85

(Filed 20 April 1999)

### 1. Workers' Compensation— withdrawal of counsel—pro se representation—decision not arbitrary

The Industrial Commission did not act arbitrarily in permitting plaintiff's counsel to withdraw and plaintiff to proceed pro se in an appeal to the full Commission where plaintiff consented to counsel's withdrawal in writing, and plaintiff made no objection to counsel's withdrawal.

### 2. Workers' Compensation— record on appeal—settlement—documents not introduced

The Industrial Commission's settlement of the record on appeal was not erroneous in failing to include documents which plaintiff wished to be included but which were not introduced into evidence at the hearing.

### 3. Workers' Compensation— causation—burden of proof

The Industrial Commission did not err by placing on plaintiff the burden to prove a causal relation between a work-related incident and her medical condition.

**4. Workers' Compensation— causation—work-related accident—failure of proof**

Plaintiff failed to establish that her cervical disc injury was caused by a work-related accident where she testified that she felt sharp plains radiating down her neck while operating a computer at work and that a ruptured disc was discovered a month later, but no physician in the case testified to a reasonable degree of medical certainty that plaintiff's ruptured disc was caused by her work with defendant employer.

**5. Workers' Compensation— grounds for reconsideration of evidence—failure to take additional evidence—same findings and conclusions as hearing officer**

The Industrial Commission did not err by denying plaintiff's request to present additional evidence and reaching the same findings and conclusions as the deputy commissioner after finding that plaintiff showed good grounds to reconsider the evidence.

**6. Workers' Compensation— ex parte communication—portions of deposition—exclusion**

Only those portions of deposition testimony by plaintiff's treating physician which were tainted by defense counsel's ex parte communication with the physician were required to be excluded from evidence in a workers' compensation proceeding.

Appeal by plaintiff from an Opinion and Award entered 20 August 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 January 1999.

*Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, L.L.P., by Jeri L. Whitfield and Manning A. Connors, for defendant-appellee.*

HUNTER, Judge.

Pursuant to Rule 18 of the North Carolina Rules of Appellate Procedure, Linda C. Porter (plaintiff) appeals from the Opinion and Award of the North Carolina Industrial Commission (Commission) which denied plaintiff's claim for worker's compensation. Evidence before the Commission tended to show that plaintiff was hired as a financial assistant on 29 July 1994 by Fieldcrest Cannon (defendant).

PORTER v. FIELDCREST CANNON, INC.

[133 N.C. App. 23 (1999)]

While at work on 9 September 1994, plaintiff was typing at a conference room table and felt a hot sensation with sharp pains radiating down her neck sometime between the hours of 1:00 p.m. and 3:00 p.m. The computer work station plaintiff worked on that particular day had some ergonomic problems. Despite these problems and her pain, plaintiff continued to work at the keyboard in order to complete an assigned project, and worked full days beginning Saturday, 10 September 1994 through Thursday, 15 September 1994. On 15 September 1994, plaintiff reported to Dr. Stephen St. Clair, the occupational physician on duty for defendant, that she was experiencing pain in her left arm, shoulder and elbow and pain on the top of her left hand.

Plaintiff saw Dr. Stephen Robinson on 4 October 1994, complaining of discomfort in her left shoulder and left hand, with discoloration of the fingers after movements of her hands. Dr. Robinson conducted a physical examination, which was normal, and found no evidence of discoloration or a cervical disc problem. Dr. Robinson recommended ergonomic changes in plaintiff's work station and an MRI if the pain did not resolve.

An MRI conducted on 18 October 1994 revealed a herniated disc at the C-5 level of plaintiff's spine and some spondylosis. A cervical diskectomy and fusion at the C5-6 level was performed on plaintiff on 28 October 1994 by Dr. Ernesto Botero.

Plaintiff returned to work with defendant on 9 January 1995. Since her surgery, plaintiff has experienced other medical problems including symptoms consistent with thoracic outlet syndrome and fibromyalgia. An independent medical evaluation by Dr. Scott Spillman assigned a fifteen percent (15%) permanent partial disability rating to plaintiff's back as a result of her herniated disc at C5-6.

The deputy commissioner denied plaintiff's claim for workers' compensation benefits and plaintiff appealed to the full Commission. By an opinion filed 20 August 1997, the Commission affirmed the decision of the deputy commissioner. Plaintiff appeals.

The standard of appellate review of an opinion and award of the Industrial Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its legal conclusions. *Aaron v. New Fortis Homes, Inc.*, 127 N.C. App. 711, 714, 493 S.E.2d 305, 306 (1997) (citations omitted).

PORTER v. FIELDCREST CANNON, INC.

[133 N.C. App. 23 (1999)]

"The findings of fact by the Industrial Commission are conclusive on appeal, if there is any competent evidence to support them, and even if there is evidence that would support contrary findings." *Grantham v. R.G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997) (*citing Richards v. Town of Valdese*, 92 N.C. App. 222, 225, 374 S.E.2d 116, 118 (1988), *disc. review denied*, 324 N.C. 337, 378 S.E.2d 799 (1989)). This Court's duty goes no further than to determine whether the record contains any evidence tending to support the finding of the Commission, and it does not have the right to weigh the evidence and then decide the issue on the basis of its weight. *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998). Conclusions of law, including whether there has been a change of condition, are reviewable *de novo* by this Court. *See Richards* at 225, 374 S.E.2d at 118; *Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 149, 468 S.E.2d 269, 274 (1996).

[1] Plaintiff contends that the Commission committed reversible error when it allowed plaintiff's prior counsel to withdraw, allowing her to proceed *pro se*. Plaintiff argues that the Commission erred by not protecting the rights of an injured worker who proceeded *pro se* in a complicated and involved workers' compensation appeal, who was

> not aware that all the medical records were not submitted as evidence, who was unaware that the transcript of the evidence was not complete, who was clearly unable to handle the appeal competently, who was incapable of assigning error appropriately, and who was incapable of addressing the *ex parte* communications between defense counsel and the treating physician.

The determination of counsel's motion to withdraw is within the discretion of the trial court, whose decision is reversible only for abuse of discretion. *Benton v. Mintz*, 97 N.C. App. 583, 389 S.E.2d 410 (1990). The Industrial Commission possesses the powers of a court. *Sidney v. Raleigh Paving & Patching*, 109 N.C. App. 254, 257, 426 S.E.2d 424, 427 (1993) (*citing Torain v. Fordham Drug Co.*, 79 N.C. App. 572, 340 S.E.2d 111 (1986)). "An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.'" *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 84 (1998) (*quoting White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)). Plaintiff has presented no authority in this state which supports the proposition that the Commission had a duty to intervene *ex mero*

*motu,* preventing plaintiff from representing herself. The motion to withdraw by plaintiff's former counsel was made on 26 March 1997 and was consented to at the same time, in writing, by the plaintiff. At the hearing before the Commission, petitioner fully participated and made no objection to her counsel's withdrawal. As no objection was made, this issue is not properly before this Court and we cannot further address plaintiffs' assertion. *See* N.C.R. App. P. 10(b)(1). Nevertheless, it appears that the Commission did not make an arbitrary decision in allowing counsel to withdraw when plaintiff consented in writing, and never once objected when she appeared before the Commission.

[2] Plaintiff's next assignment of error concerns the Commission's settlement of the record on appeal, which did not include documents "which were necessary to further the assignments of error regarding the allowance of counsel to withdraw." The Commission is vested with the authority to settle the record on appeal. *See* N.C.R. App. P. 18. Settlement of the record on appeal is the function of the trial tribunal, and not the subject of appellate review absent manifest abuse of discretion. *State v. Little,* 27 N.C. App. 467, 478, 219 S.E.2d 494, 501, *disc. review denied,* 288 N.C. 732, 220 S.E.2d 621 (1975). Documents which plaintiff wished to be included in the record were not introduced into evidence at the hearing on the matter. When settling the record on appeal, the Commissioner sustained the majority of the defendant's objections, but did allow certain documents propounded by the plaintiff. Plaintiff fails to show any evidence of abuse of discretion, merely arguing that "[t]hese documents were in the file and were clearly allowed to be a part of the record on appeal." Plaintiff fails to substantiate this claim and, absent a showing of abuse of discretion, this Court finds no error.

Plaintiff contends that the Commission committed reversible error when it admitted and considered certain medical records of the plaintiff prior to the incident in question. Plaintiff made no objection to the records being admitted. As shown by the pre-trial agreement executed by counsel for both parties, plaintiff consented to the inclusion of all of the medical records. Because plaintiff did not preserve this issue for appeal, we cannot address it further. *See* N.C.R. App. P. 10(b)(1).

[3] Plaintiff also argues that the Commission held her to an improper burden of proof. Plaintiff first relies on *Parsons v. Pantry, Inc.,* 126 N.C. App. 540, 485 S.E.2d 867 (1997), for the proposition that the

Commission incorrectly placed the burden on plaintiff to prove she sustained a compensable traumatic incident. Plaintiff's reliance on *Parsons* is misplaced. It is axiomatic that plaintiff has the burden of initially establishing a causal relationship between a work-related incident and her medical conditions. *See Snead v. Mills, Inc.*, 8 N.C. App. 447, 451, 174 S.E.2d 699, 702 (1970) ("[a] person claiming benefit of compensation has the burden of showing that the injury complained of resulted from the accident"); *Harvey v. Raleigh Police Dept.*, 96 N.C. App. 28, 384 S.E.2d 549, *disc. review denied*, 325 N.C. 706, 388 S.E.2d 454 (1989).

*Parsons* concerned a separate set of facts and circumstances not present in this case: the plaintiff was awarded her medical expenses and future medical treatment by the Commission. Subsequently, the defendants refused to continue to pay for medical treatment beyond one visit to a neurologist. Another hearing was held, and the Commission held that the injured worker did not meet her burden to prove that the medical treatment was causally related. *Parsons*, 126 N.C. App. at 541, 485 S.E.2d at 868. This Court reversed, finding that once the claim is approved the burden shifts to the defendant to prove that the medical treatment is not related. *Id.* at 542, 485 S.E.2d at 869. There is no such burden on the defendant in the present case as the plaintiff's claim has not been approved by the Commission. The Commission did not err in holding the plaintiff to the proper burden of establishing a causal relationship.

**[4]** Secondly, plaintiff contends that causation in the case at bar is simple and uncontradictory, and no expert testimony is necessary to establish causation. Under workers' compensation law in this state, "[t]here must be competent evidence to support the inference that the accident in question resulted in the injury complained of, *i.e.*, some evidence that the accident at least might have or could have produced the particular disability in question." *Click v. Freight Carriers*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980); *see also Gillikin v. Burbage*, 263 N.C. 317, 139 S.E.2d 753 (1965). There will be "many instances in which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of." *Click*, 300 N.C. at 167, 265 S.E.2d at 391 (citation omitted). Plaintiff failed to bring forth credible and convincing testimony that establishes a causal relationship between the alleged incident of pain on 9 September 1994, and the cervical disc injury discovered on 18 October 1994. The North Carolina Supreme Court has held

PORTER v. FIELDCREST CANNON, INC.

[133 N.C. App. 23 (1999)]

> where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury.

*Id.* (citations omitted). In *Click*, the Court determined that the causal relationship between a specific trauma and the rupture of an intervertebral disc involved such complex questions that medical expert testimony was required to establish causation. *Id.* at 169, 265 S.E.2d at 392. No physician in the case *sub judice* testified to a reasonable degree of medical certainty that plaintiff's ruptured disc was caused by her work with defendant. While the Court in *Click* did not rule out the possibility that a disc injury case may arise in the future wherein the facts are so simple, uncontradictory, and obvious as to permit a finding of a causal relationship between an accident and the injury absent expert opinion evidence, mere speculation and possible causal relationship does not meet plaintiff's burden of proof. *Id.* at 168-69, 265 S.E.2d at 391-92. Accordingly, we find no error.

[5] Plaintiff argues that the Commission erred by denying her request to present additional evidence and reaching the same findings and conclusions as the deputy commissioner after finding that she showed good grounds to reconsider the evidence. Plaintiff concedes that "the question of whether to reopen a case for the taking of additional evidence rests in the sound discretion of the Industrial Commission, and its decision will not be disturbed on appeal in the absence of an abuse of discretion." *Schofield v. Tea Co.*, 299 N.C. 582, 596, 264 S.E.2d 56, 65 (1980); *see also* N.C. Gen. Stat. § 97-85 (1991). The Commission shall review the award

> and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award . . . .

N.C. Gen. Stat. § 97-85 (1991). The Commission's ruling on "good ground" will not be reviewed absent a showing of manifest abuse of discretion. *See Thompson v. Burlington Industries*, 59 N.C. App. 539, 297 S.E.2d 122 (1982), *cert.* denied, 307 N.C. 582, 299 S.E.2d 650 (1983); *Lynch v. Construction Co.*, 41 N.C. App. 127, 254 S.E.2d 236, *disc. review denied*, 298 N.C. 298, 259 S.E.2d 914 (1979). "The Commission's power to receive additional evidence is plenary power 'to be exercised in the sound discretion of the Commission.'" *Moore v. Davis Auto Service*, 118 N.C. App. 624, 456 S.E.2d 847 (1995) (*quot-*

*ing Lynch* at 130, 254 S.E.2d at 238). The ruling of the Commission in the present case states that "[t]he appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner." Although the Commission did reconsider the evidence considered by the deputy commissioner, it determined, in its discretion, that there were no good grounds to receive further evidence or to rehear the parties. Plaintiff presents no precedent for the argument that determining there are good grounds to reconsider the evidence by the Commission requires it take additional evidence and overturn the findings of fact and conclusions of law reached by the deputy commissioner. Plaintiff has shown no abuse of discretion for the Commission's decision and, therefore, this assignment of error is overruled.

**[6]** Finally, plaintiff contends on appeal that the Commission erred by failing to exclude "tainted medical evidence." On 13 June 1995, defense counsel sent a letter *ex parte* to plaintiff's treating physician inquiring as to his opinion regarding plaintiff's condition. Dr. Botero responded to the letter, giving brief opinions, in his own handwriting, as to the causation of plaintiff's condition and continuing problems. Plaintiff argues that early in his deposition, Dr. Botero testified that "something happened recently for her to have the problem in the left arm;" however, once Dr. Botero was questioned regarding the *ex parte* correspondence, his testimony became contradictory and was unfavorable to plaintiff.

Our Supreme Court has held that defense counsel may not interview plaintiff's treating physician privately without the plaintiff's express consent in a medical malpractice case. *Crist v. Moffatt*, 326 N.C. 326, 389 S.E.2d 41 (1990). In *Salaam v. N.C. Dept. of Transportation*, 122 N.C. App. 83, 468 S.E.2d 536, *disc. review improvidently allowed*, 345 N.C. 494, 450 S.E.2d 51 (1997), this Court applied *Crist* in the worker's compensation context, holding that a doctor's deposition testimony must be excluded if taken after defense counsel engaged in *ex parte* contact with the doctor without the consent of plaintiff's counsel. All of the evidence in the present case was considered and the record closed prior to the *Salaam* decision, which was filed 19 March 1996. The exclusion of any of Dr. Botero's testimony was not mandated under precedent existing at that time. Nevertheless, *Salaam* does apply to the present case. *See Evans v. Young-Hinkle Corp.*, 123 N.C. App. 693, 474 S.E.2d 152 (1996).

*Salaam* and *Evans* held that all of the deposition was tainted due to prior *ex parte* communication with defense counsel. To the contrary, plaintiff in the case *sub judice* contends that only portions of Dr. Botero's deposition testimony are tainted, *i.e.*, those responses to questions following mention of, and regarding, the *ex parte* communication. We agree with plaintiff. While we are bound by *Salaam and Evans*, neither case dealt with the issue of deposition testimony being partially tainted by *ex parte* communication with defense counsel. Apparently, the plaintiffs in those cases never raised this issue. We hold that only those portions of the deposition related to the *ex parte* communication should be excluded. To hold otherwise could punish the plaintiff for the improper conduct of the defendant, going against the logic of the rule first enunciated in *Crist*—considerations of patient privacy, confidentiality, adequacy of formal discovery, and the "untenable position in which *ex parte* contacts place the nonparty treating physician supersede defendant's interest in a less expensive and more convenient method of discovery." *Crist*, 326 N.C. at 336, 389 S.E.2d at 47. Accordingly, we remand the case to the Commission to review the deposition testimony and exclude from consideration only those portions tainted by the *ex parte* communication. The remainder of the deposition is competent evidence and can be properly considered by the Commission.

Affirmed in part; reversed and remanded in part.

Judges GREENE and JOHN concur.