An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-848

Filed 20 May 2026

North Carolina Industrial Commission No. 21-020331

DONALD DURHAN HILL, Employee, Plaintiff,

v.

RUAN TRANSPORTATION MANAGEMENT SYSTEMS, INC., Employer,
and ACE AMERICAN INSURANCE COMPANY, Carrier, Defendants.

Appeal by Plaintiff from order entered 16 June 2025 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 11 February 2026.

*Donald Durhan Hill, pro se.*

*McAngus, Goudelock & Courie, PLLC, by Jeffrey B. Kuykendal, for defendant-appellees.*

STADING, Judge.

Donald Hill ("Plaintiff") appeals from an Opinion and Award entered 16 June 2025 by the Full Commission of the North Carolina Industrial Commission ("Full Commission"). Plaintiff argues the Full Commission erred by failing to attribute sufficient weight to a report and deposition testimony of a physician. For the reasons below, we affirm the Full Commission's order.

## I.  Background

The evidentiary record tends to show Plaintiff was employed by Defendant Ruan Transportation as a truck driver.  In that role, Plaintiff was tasked with picking up and transporting "returns" to Atlanta, Georgia, loading freight, and delivering the freight to various locations in Charlotte, North Carolina.  Then, on 3 May 2023, Plaintiff suffered a back injury while working.  The back injury resulted after Plaintiff's truck hit a "large pothole while driving in a work zone on Interstate 85 in South Carolina."  A "Form 19" report of Plaintiff's injury from his employer noted "while driving [Plaintiff] hit a dip in the road that jolted his body" resulting in injuries to his left upper back.

Plaintiff returned to work on 5 May 2021.  While back at work, Plaintiff reported that he was experiencing pain while driving and requested additional time off.  That evening, Plaintiff sought professional care and went to Atrium Health Kings Mountain Emergency Department with complaints of lower back and left shoulder pain.  There, Plaintiff was seen by Richard Keith Hughlett, M.D., and received a physical examination and X-rays of the "lumbar spine and left shoulder."  Although the physical examination revealed discomfort, the X-ray's "were negative."  At that time, Plaintiff was "diagnosed with low back pain, prescribed cyclobenzaprine for spasms, and [was] advised to follow up with his primary care provider."  On 14 May 2021, Plaintiff went to NextCare Urgent Care with complaints of persistent lower

back and left shoulder pain. There, Brittany Clemmons, PA-C, diagnosed Plaintiff with lumbar strain and upper back strain, and referred Plaintiff to physical therapy. Plaintiff was prescribed "naproxen" and released to work with restrictions on strenuous pushing or pulling, lifting greater than ten pounds, bending, kneeling, or squatting. On 27 May 2021, Defendant Ruan Transportation and Defendant Ace American Insurance Company ("Defendants") filed a "Form 63" and began to make workers' compensation payments to Plaintiff "without prejudice."

Plaintiff continued to seek multiple treatments after 27 May 2021, including a visit to Herman C. Gore, M.D., at Carolina Spine, Pain and Rehabilitation on 9 June 2022. Plaintiff reported neck and lower back pain resulting from the 3 May 2021 incident. After completing his examination, Dr. Gore recommended: a "transforaminal lumbar epidural steroid injection, an EMG nerve conduction study of the upper and lower extremities, a lumbosacral orthotic back brace, TENS unit, chiropractic therapy, home exercises, and a follow-up evaluation." On 20 September 2021, Plaintiff went to OrthoCarolina. Stefan A. Renuad, D.O, evaluated Plaintiff's injuries. Again, Plaintiff reported "left flank low back pain" from the 3 May 2021 incident. A physical examination revealed "free range of motion of bilateral hips without pain or restriction" and Plaintiff's symptoms were noted as "axial in nature, not typical of radicular or spinal pathology" but could require up to four more months to heal. Plaintiff was again placed on light duty and continued seeking treatment for his injury, including attending physical therapy until approximately May 2022.

Then, on 12 September 2022, Plaintiff returned to Dr. Renaud reporting no relief from prior treatments. After reviewing Plaintiff's treatment history, Dr. Renaud concluded Plaintiff was treated appropriately, had shown improvements over time, and assigned a "one percent partial impairment rating" to Plaintiff's back. Dr. Renaud released Plaintiff to return to work without restrictions. That same day, Defendants filed a "Form 24," seeking to terminate Plaintiff's benefits.

On 3 October 2022, Plaintiff sought an independent, second opinion and examination from Charlotte Ketamine Center. There, Plaintiff was examined by Neal S. Taub, M.D., and reported his ongoing symptoms and previous treatments from the 3 May 2021 incident. Dr. Taub diagnosed Plaintiff with "persistent sciatica status post work-related injury and cervical syndrome." Dr. Taub also assigned Plaintiff a twenty-pound lifting restriction. This was Plaintiff's only visit with Dr. Taub. The next day, Plaintiff submitted Dr. Taub's report to the Industrial Commission, which was challenged by Defendants for being an improper second opinion under N.C. Gen. Stat. § 97-25(b). On 21 October 2022, a Special Deputy Commissioner accepted the report and denied Defendants "Form 24" since Plaintiff adduced contrary evidence that his condition was still ongoing. Defendants appealed the decision.

On 31 July 2023, Deputy Commissioner Brown entered an order on Defendants' appeal. The order made findings pertaining to the history of Plaintiff's injury and treatments and concluded:

5. The undersigned concludes as a matter of law that Plaintiff has failed to prove that he has been disabled under the Act since September 12, 2022, when Dr. Renaud released him to return to work without restrictions. Despite the fact that Dr. Taub's and P.A. Gore's opinions regarding Plaintiff's ability to work are given less weight than Dr. Renaud's, Dr. Taub's 20-pound restriction and P.A. Gore's opinion that Plaintiff is capable of being employed with his current medical issues support a finding that Plaintiff is capable of some work, even if he is not able to return to his pre-injury job.

6. Based upon the preponderance of the credible evidence before the undersigned, the undersigned concludes that Plaintiff has failed to prove that he remains disabled. N.C. Gen. Stat. § 97-2(9)(2020). He is capable of returning to work and has failed to show that he is incapable of finding a job within his restrictions. *Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457.

7. The undersigned concludes that Plaintiff was capable of returning to work as of September 12, 2022, and because he never initiated a job search, he was no longer disabled as of that date.

8. Plaintiff is entitled to a one percent (1%) permanent partial impairment rating to the back, which is equal to three (3) weeks of benefits. N.C. Gen. Stat. § 97-31(23) (1987).

9. Plaintiff is no longer entitled to temporary total disability benefits. N.C. Gen. Stat. § 97-29(a) (2013).

10. Because plaintiff has already received more than three (3) weeks of temporary total disability benefits since reaching maximum medical improvement on September 12, 2022, Defendants have fulfilled their obligation under N.G. Gen. Stat. [§] 97-31.

. . . .

12. Plaintiff sought unauthorized medical treatment from

various providers before and after the hearing of this claim, but Plaintiff has failed to show by a preponderance of the evidence that a change in health care providers "is reasonably necessary to effect a cure, provide relief, or lessen the period of disability." N.C. Gen. Stat. § 97-25(c) (2017).

Plaintiff appealed the Deputy Commissioner's order to the Full Commission on 7 August 2023. On 16 June 2025, the Full Commission rendered its judgment on Plaintiff's appeal. Plaintiff entered his notice of appeal on 1 July 2025.

## II. Analysis

Plaintiff's argument on appeal rests on the contention that the Full Commission failed "to give proper weight to Dr. Taub's medical evaluation" even though the "report establishes both causation and ongoing disability . . . the Commission dismissed it without explanation, rendering its conclusion arbitrary and unsupported." For the reasons below, we disagree.

"The standard of appellate review of an opinion and award of the Industrial Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its legal conclusions." *Porter v. Fieldcrest Cannon, Inc.*, 133 N.C. App. 23, 25, 514 S.E.2d 517, 520 (1999). "If supported by competent evidence, the Commission's findings are binding on appeal even when there exists evidence to support findings to the contrary." *Ward v. Long Beach Vol. Rescue Squad*, 151 N.C. App. 717, 720, 568 S.E.2d 626, 628 (2002). We review the Full Commission's

conclusions of law de novo. *Id.*

The Full Commission made the following relevant findings:

> 69. Based upon the preponderance of the evidence in view of the entire record, the Full Commission finds Plaintiff has failed to establish that he was entitled to disability compensation after September 12, 2022. In reaching this finding, the Full Commission notes that one of Plaintiff's authorized treating physicians, Dr. Renaud, released Plaintiff to full duty work without any restrictions on September 12, 2022. Plaintiff subsequently unilaterally sought unauthorized treatment with Dr. Taub, who assigned a twenty-pound lifting restriction on October 3, 2022, which is attributable to Plaintiff's unrelated hip condition and anal fissures and not the compensable May 3, 2021, back injury. Although Dr. Taub opined that Plaintiff was likely unable to return to work, the Full Commission assigns less weight to the opinion of Dr. Taub, as he was an unauthorized treating physician and evaluated Plaintiff only once. Similarly, while PA-C Drew opined that Plaintiff could return to work, her opinion is also given less weight due to her status as an unauthorized treating physician. His other authorized treating pain management physician, Dr. Gore, never assigned any restrictions and released Plaintiff from his care on January 4, 2023. While Plaintiff subjectively believes he is not capable of doing any work, the medical evidence does not corroborate Plaintiff's contention that his pain is such that he is incapable of work in any capacity.
>
> 70. Based upon the preponderance of the evidence in view of the entire record, the Full Commission finds that Plaintiff has failed to establish that he conducted a reasonable job search following the May 3, 2023, back injury. In reaching this finding, the Full Commission considers the testimony of Plaintiff that he did not return to work for Defendant[ ] or seek employment with any other employer after being released to full duty on September 12, 2022. Assuming arguendo that Plaintiff's twenty-pound restriction by Dr. Taub should be given any

weight, Plaintiff also testified that he did not return to work for Defendant[ ] or seek employment with another employer after receiving the lifting restriction[.]

The Full Commission made the following relevant conclusions:

5. Subject to the provisions of N.C. Gen. Stat. § 97-25.1, Plaintiff is entitled to payment of medical expenses incurred or to be incurred, for his compensable lumbar, thoracic, and left shoulder conditions as may reasonably be required to effect a cure, provide relief, or lessen the period of disability[.]

6. Generally, the employer has the right to direct medical treatment for an admittedly compensable work injury, which includes selection of the treating physician. *Kanipe v. Lane Upholstery*, 141 N.C. App. 620, 623[–]24, 540 S.E.2d 785, 788 (2000). An employee may select his own physician if the employer fails to direct medical treatment in a prompt and adequate manner, in an emergency situation, or if approval of the unauthorized treatment is sought from the Industrial Commission within a reasonable time. N.C. Gen. Stat. § 97-25(c) and (e) (2023); *Kanipe*, 140 N.C. App. at 625[–]26, 540 S.E.2d at 789. Defendants directed Plaintiff's treatment for his compensable back injury with the medical providers at NextCare, Dr. Renaud, PA Dias, Dr. Hunter, and Dr. Gore upon admitting liability for Plaintiff's back injury via a Form 63. Plaintiff sought unauthorized treatment from various providers, including Dr. Taub, PA-C Drew, and Dr. Mehta, before and after the hearing before the Deputy Commissioner. At the time Plaintiff sought the unauthorized treatment, he had received prompt and appropriate medical treatment, and there is no evidence that Plaintiff sought the treatment due to an emergent need or situation. Additionally, Plaintiff did not request approval of the unauthorized treatment within a reasonable time. Accordingly, the Commission concludes that Defendant continues to retain the right to direct Plaintiff's medical treatment in this claim. . . . Plaintiff has failed to show by a preponderance of the evidence that a

change in health care providers "is reasonably necessary to effect a cure, provide relief, or lessen the period of disability." N.C. Gen. Stat. § 97-25(c) (2023).

. . . .

8. In the present case, following the May 3, 2021, incident, Plaintiff was released to return to work with no restrictions by his authorized treating physician, Dr. Renaud, on September 12, 2022. Notwithstanding the September 12, 2022, full duty work release by this authorized treating physician, Dr. Renaud, Plaintiff did not return to work with Defendant[ ] or a different employer. Plaintiff subsequently unliterally sought unauthorized treatment with Dr. Taub. . . . On March 25, 2023, Plaintiff was terminated from employment with Defendant[ ]. Accordingly, the Full Commission concludes that Plaintiff is not entitled to temporary total disability compensation after September 12, 2022, because he failed to meet his burden of establishing an inability to earn his pre-injury wages.

The Full Commission's findings of fact and conclusions of law reflect it did in fact consider and give weight to Dr. Taub's testimony; however, it weighed the opinions of Plaintiff's other threating physicians to reach its determination that after 12 September 2022, he was no longer entitled to temporary total disability compensation. *See Cauble v. Macke Co.*, 78 N.C. App. 793, 795, 338 S.E.2d 320, 321 (1986) (citation omitted) ("The plenary powers of the Commission are such that upon review, it may adopt, modify or reject the findings of fact of the Hearing Commissioner, and in doing so may weigh the evidence and make its own determination as to the weight and credibility of the evidence.").

The Full Commission's findings of fact show it considered the testimony of Dr.

Taub but "assigned less weight" to his opinion since he was an "unauthorized treating physician and evaluated Plaintiff only once." We first note Plaintiff does not challenge whether Dr. Taub was an "unauthorized" treating physician pursuant to N.C. Gen. Stat. § 97-25(c) (2025). Assuming arguendo that Dr. Taub's status as a treating physician was "authorized,"[1] a review of the record demonstrates other treating physicians evaluated Plaintiff on multiple occasions, and each opined that Plaintiff was fit to return to work. *Macke Co.*, 78 N.C. App. at 795, 338 S.E.2d at 321 ("The Industrial Commission has the duty and authority to resolve conflicts in the testimony whether medical or not, and the conflict should not always be resolved in favor of the claimant.").

To this end, the record contains medical records and opinions from Plaintiffs other treating physicians, particularly, that of Dr. Renaud, who released Plaintiff to full duty work without any restrictions on 12 September 2022. Plaintiff began seeing Dr. Renaud on 20 September 2021 and had multiple follow-up visits until 12 September 2022. Dr. Renaud's initial examination of Plaintiff noted the injury he

---

[1] We note, however, "Approval of an employee-selected physician is left to the sound discretion of the Commission." *Kanipe v. Lane Upholstery*, 141 N.C. App. 620, 626, 540 S.E.2d 785, 789 (2000); *see also* N.C. Gen. Stat. § 97-25 (2025) ("[A]n injured employee may selected a health care provider of the employee's own choosing to attend, prescribe, and assume the care and charge of the employee's case subject to the approval of the Industrial Commission. In addition, in case of a controversy arising between the employer and the employee, the Industrial Commission may order necessary treatment."). Plaintiff neither argues, nor does the record support there existed a conflict between Plaintiff and Defendants over the treatment he received. Instead, Plaintiff sought Dr. Taub only after Plaintiff's treating physicians cleared him to return to work without conditions. Notwithstanding the authorization procedure, Dr. Taub's opinion was still considered by the Full Commission but found to be less credible than Plaintiff's long-term treating physicians.

suffered and was of the opinion that with light work, his recovery could take up to four more months. From that 20 September 2021 visit, Plaintiff received other treatments, attended physical therapy, and was placed on light work duty. After returning to Dr. Renaud almost a year later, on 12 September 2022, Dr. Renaud concluded Plaintiff was treated appropriately, had shown improvements over time, and assigned a "one percent partial impairment rating" to Plaintiff's back. "This Court has no authority to re-weigh the evidence or to substitute its view of the facts for those found by the Commission." *Weaver v. Dedmon*, 253 N.C. App. 622, 627, 801 S.E.2d 131, 136 (2017). A review of the record shows competent evidence exists from which the Full Commission could rely on in its fact-finding capacity. Consequently, the Full Commission's findings justify their conclusions of law. *See Fieldcrest Cannon, Inc.*, 133 N.C. App. at 25, 514 S.E.2d at 520.

### III. Conclusion

For the foregoing reasons, the Full Commission's findings of fact are supported by competent evidence in the record and justify its legal conclusions.

AFFIRMED.

Judges COLLINS and WOOD concur.

Report per Rule 30(e).